### *In re* ONE HUNDRED AND SIXTIETH ST.

(*Supreme Court, General Term, First Department.* May 18, 1888.)

MUNICIPAL CORPORATIONS—OPENING STREETS—DEDICATION—PROOF OF.

A deed, describing the land conveyed as bounded by a street, also conveyed all the interest of the grantor in the land in said street. The street had never been opened, and was covered by buildings, of which the grantor, and the grantee after him, had possession. *Held*, in proceedings to acquire title for the public, that there had been no dedication of the land in the street.[1]

Appeal from special term.

Argued before VAN BRUNT, P. J., and BARTLETT and MACOMBER, JJ.

*Carroll Berry*, for appellant. *John C. Shaw*, for respondent.

VAN BRUNT, P. J. Proceedings having been duly instituted by the mayor, etc., to acquire title to the land lying in One Hundred and Sixtieth street between the Eleventh avenue and Kingsbridge road, the commissioners, who were duly appointed, filed an abstract of their estimate and assessment, and duly advertised for objections to the same. As appears by this abstract, only a nominal award was made for the land, and no award was made for the buildings situate on the land on One Hundred and Sixtieth street between the Tenth avenue and the Kingsbridge road. Objections were duly made and filed by William F. Buckley, who claimed to own the buildings in One Hundred and Sixtieth street between Tenth avenue and the Kingsbridge road. The commissioners, in their final report, refused to make any award either for the land or the buildings, claiming that there had been a dedication of the land in the street, and the buildings erected thereupon. Upon presentation of their report, this question was decided in favor of the objector, and an order was made referring the matter back to the commissioners for revision and correction, and from the order thus made the city appeals.

The only question is whether there was, upon the facts proved, a dedication of the land lying in One Hundred and Sixtieth street to public use. It is

---

[1] To make a highway by dedication there must be the assent of the owners of the land to its appropriation for a public highway, and its use by the public for such purpose, and for such a length of time, that the public accommodation and private rights might be materially affected by an interruption of the enjoyment. The owner's intention to dedicate must appear, and the acceptance of such dedication, by using it, on the part of the public, must also appear. Where these two facts concur, the dedication is complete. Union Co. v. Peckham, (R. I.) 12 Atl. Rep. 130; City v. Williams, (Tex.) 6 S. W. Rep. 860. The dedication of a public highway may be presumed from use. Howard v. State, (Ark.) 2 S. W. Rep. 331. A presumption of acceptance may be drawn from common user of the highway, and from actual assumption of care and control over it by the public authorities. State v. Eisele, (Minn.) 33 N. W. Rep. 785. On the general subject of the dedication and acceptance of a highway, see Price v. Town, (Mo.) 5 S. W. Rep. 20, and note; Rube v. Sullivan, (Neb.) 37 N. W. Rep. 666; Railroad Co. v. Lee, (Tex.) 7 S. W. Rep. 857; Miller v. Town of Aracoma, (W. Va.) 5 S. E. Rep. 148; Cotter v. City of Augusta, (Ga.) 6 S. E. Rep. 180; Hamilton v. Railroad Co., (Ill.) 16 N. E. Rep. 854; State v. Birmingham, (Iowa,) 38 N. W. Rep. 121.

.claimed, upon the part of the city, that, by the deed under which Mr. Buckley, the objector, took title, a dedication of such land was worked. The deed un-.der which the respondent claims title conveyed a piece of property commenc-ing on the north-east corner of Tenth avenue and One Hundred and Sixtieth :street; running thence northerly, along Tenth avenue, to the southerly side .of an old lane; thence easterly, along the southerly side of the lane, to the westerly side of the Kingsbridge road; thence southerly, along the westerly ·side of Kingsbridge road, to the northerly side of One Hundred and Sixtieth street; thence westerly, along the said side of One Hundred and Sixtieth street, to the place of beginning; and also all the right and title in and to One Hun-.dred and Sixtieth street,—60 feet on the southerly boundary of said line in-tended to be conveyed hereby, and extending from Tenth avenue to the Kings-bridge road, as aforesaid. Upon this strip of land it appears there were houses, .of which the grantor had possession prior to the deed, and into possession of which Mr. Buckley went upon the receipt of his deed, and in possession of which he has ever since remained, collecting the rents therefor. Under these circumstances, it is claimed that such a dedication arose as precluded the .owner of the fee of the street from receiving any substantial award either for the land or the houses standing thereon. A large number of authorities are .cited to show that there had been a complete dedication, but none of them sus-.tain the broad proposition as claimed by the appellant in the case at bar, ex-cept, perhaps, the case *In re Seventy-Fourth St.*, (decided at the May general .term, 1883, not reported.) The rule seems to have been long established that, .in order that there may be a complete dedication, such dedication must be ac-.cepted by the public, and until such acceptance takes place such attempted dedication has not become complete and is revocable. That such is the rule .is clearly recognized in *Re City of Brooklyn*, 73 N. Y. 185. The principle _that a dedication of lands for the public use is not perfect, so as to divest the .owner of his absolute dominion over them until accepted by the public, is, as .has been said, clearly recognized; and in that case all the force and effect that was given to a provision in a deed somewhat similar to the one at bar was to :throw the *onus* upon the claimant for compensation of showing that because .of non-acceptance it was not, in fact, a street by dedication or otherwise. The .evidence in the case at bar clearly fulfills this condition. There were build-ings upon the line of the proposed street. The objector was in possession of .the land and buildings, exercising rights of ownership, and never surrender-ing his control of the land in question. Under such circumstances, it seems to be difficult to understand how it was possible that there could have been a .dedication; and, certainly, there is no evidence of an acceptance of such dedi-.cation upon the part of the public.

There is another view to be taken of this case, which is fatal to the appel-.lant's position, and which has not been considered in any of the cases to which ·our attention has been called, except in one case, which will be hereafter men-·tioned. Every instrument is to be construed according to the intent of the ·parties. If the parties to a deed clearly did not intend that there should be a ,dedication of any part of the land embraced in a deed to a public use, there :seems to be no principle of law upon which such a dedication can be claimed. In the case at bar there is an evident intent to convey every right which the ,grantor has to the grantee, and an evident intent upon the part of the grantee to retain all that the grantor has to convey, and no intent manifest from the instrument that a gift for public use is to be made; but, on the contrary, it is apparent that it was intended that no such gift or dedication shall arise. It .is difficult, therefore, to see upon what principle a dedication can be claimed, ·simply because the parties are uncertain in regard to what rights they may .actually possess to the land covered by the proposed street, which never has been opened, and the land on which has never been condemned. It may be ,claimed that this view is in direct conflict with the previous decision of this

·court in *Re Seventy-Fourth St.*, above mentioned.   But the facts in that case were somewhat dissimilar, although it is difficult to distinguish; yet, if it holds contrary to the principles above enunciated, it should not be followed. The rule that the intention of the parties in reference to the scope of an instrument is to govern, where such intention is plainly manifest upon the face ·of the instrument itself, seems to be too clear to need discussion.   In the case at bar, the fact that there was no intention to make a dedication of any portion of the land covered by this street to public use seems to be clear, not only from the language of the deed, but also from the acts of the parties.   The principle that the dedication must be accepted is also well established.   There cannot be a completed contract between a citizen and the public until such .acceptance; and until such contract becomes complete the right of revocation .still remains.   The order should be affirmed, with $10 costs and disbursements,

BARTLETT, J., concurred.   MACOMBER, J., concurred in the result.