### In re OPENING OF ONE HUNDRED AND SIXTIETH STREET.

(*Supreme Court, General Term, First Department.    January 13, 1891.*)

RES ADJUDICATA—STREET ASSESSMENTS—RIGHT TO DAMAGES.

Commissioners appointed in proceedings by the city of New York to acquire property for a street allowed no damages to B., on the ground that so much of his property as was required for the street had been dedicated by him to that purpose. Upon his objection to the report of the commissioners at special term, the same was reversed, and referred back with instructions to make a substantial award to B., and on appeal by the city to the general term this order was affirmed.    Thereafter, in proceedings before the commissioners upon the recommitted report, property owners affected by the assessment appeared, and offered testimony in support of their objections to B.'s right to compensation; which testimony being rejected, upon application to the special term an order was made directing the commissioners to receive and consider testimony offered by petitioners in respect to said objections.    *Held*, on appeal by B. from this order, that the decision of the special term directing the commissioners to make a substantial award of damages to him, and the order of the general term confirming the same on appeal, were not *res adjudicata* of the title to the property in dispute, as against petitioners in the sec-

ond proceeding upon the recommitted report; and that the order appealed from, allowing an inquiry into B.'s title, was no encroachment·upon the said decision of the general term affirming the order of recommittal in the first instance.

Appeal from special term, New York county.

This is an appeal from an order made by Mr. Justice ANDREWS, dated the 4th day of April, 1890, granting the prayer of the petitioners, Alfred Roe and others, to be permitted to submit and present to the commissioners of estimate and assessment their objections herein, and to prove, in support of the same, "that the land required for the said street between Kingsbridge road and Tenth avenue had been dedicated to public use, and to present testimony in support thereof, and that the said commissioners of estimate and assessment be permitted and directed to receive and consider such testimony, and that such testimony may be offered in respect to the said objections and dedication, and that the said commissioners make and present to the court such report as, in view of the objections and testimony so presented, may be just and proper." · The application was opposed upon the ground that an order had heretofore been made in these proceedings referring the matter back to the commissioners of estimate and assessment for the specific purpose only of taking proof as to the value of the land of one Buckley. Upon a motion to confirm a prior report of the commissioners herein, an order had been made at special term by Mr. Justice DONOHUE referring the matter back to the commissioners for the sole and specific purpose of making substantial awards to the objector, William F. Buckley, the owner of the land within the lines of the street sought to be acquired in this proceeding, which the petitioners claim had been dedicated by the said Buckley or his predecessors in interest to public use; and said order, on appeal therefrom, had been affirmed by the general term of this court. It appears from the papers that proceedings had been taken by the city to acquire the title to the land in question; that, in the preliminary abstract of the commissioners, only nominal awards had been made for Mr. Buckley's land. Mr. Buckley appeared before the commissioners, and filed objections to said report, claiming that he was entitled to a substantial award. Testimony was taken before the commissioners upon the question of the dedication of the land belonging to Mr. Buckley. Parties who would be assessed in said proceedings to a considerable amount in case a substantial award was made, and who were then assessed, as it appeared by the proposed abstract of the commissioners, appeared and contested the right of Mr. Buckley to this substantial award. They were represented upon that proceeding by Mr. James A. Deering, who now makes this application on behalf of the petitioners herein, Alfred Roe and others. All the proof·which was submitted to the commissioners tending to show a dedication of Mr. Buckley's land was furnished and produced by Mr. Deering on behalf of his clients, and was presented to the court upon the motion for the confirmation of the commissioners' report. Upon the hearing of the motion for the confirmation of said report, the same being opposed on behalf of Mr. Buckley, it was held by Mr. Justice DONOHUE that there had been no dedication of the land by Mr. Buckley or his grantors; and the report was referred back to the commissioners, with directions to make a substantial award to Mr. Buckley for his land. An appeal was taken from this order by the city, and the same was affirmed on appeal. The opinion will be found reported in 48 Hun, 488. The commissioners thereupon met for the purpose of determining the amount to be awarded to Mr. Buckley for the land in question, and made a substantial award, amounting to $11,750, and thereupon filed their abstract, and assessed the property within the area of assessment a sufficient amount to pay for the said award and the expenses of the proceedings. Objection being made by Mr. Buckley to this award, it was subsequently raised to $17,730 by the commissioners. Thereupon they filed a further report, and gave notice that they had completed their new or amended estimate and assessment; a copy of

which notice is annexed to the petition of the petitioners herein.  The petitioners, Roe and others, thereupon presented this petition. and the order was made thereon from which the present appeal was taken.

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

*John C. Shaw*, for appellant.   *James A. Deering*, for respondents.

BRADY, J.   It was stated upon the argument herein, and not denied, that, although this appeal was in progress, yet, in pursuance of the order from which it was taken, the commissioners had received the objections of the property owners, and heard the testimony as to dedication; that the proofs had been submitted; and that the entire matter was before them for decision. The matter was sent back to the commissioners by an order of the special term, Justice DONOHUE presiding, and, as we have seen, for the purpose of making substantial awards to the respondent, William F. Buckley, and upon the proposition that there had been no dedication by him of a strip of land referred to as "One Hundred and Sixtieth Street," which it was proposed to take in this proceeding.   That question was considered elaborately at the general term upon an appeal from that order, (see opinion of Presiding Justice VAN BRUNT, on the appeal, 48 Hun, 488,) and the result was that the order was affirmed; that is to say, the matter was sent back to the commissioners that they might make substantial awards to the respondent, William F. Buckley, for the property which he owned that the city desired, and which had not been dedicated by him.   The application to the special term was for liberty to introduce evidence on the question of dedication, resting upon the facts stated in the appeal, and to which reference has been made.   The learned justice in the court below was impressed by what he considered the restriction caused by the decision of the general term, but thought that, inasmuch as the order did not expressly authorize the commissioners to receive the objections and testimony offered by the petitioners, it was questionable whether it was not a bar to the receipt of the same, thinking that, if that view prevailed, the petitioners could only obtain relief by a modification of the order of the general term, if that tribunal thought fit to make it; but that, in view of the constitutional and statutory right of the petitioner to be heard before he could be lawfully compelled to pay an assessment, it was doubtful whether the court had the power to make an order which would deprive him of the right to have his objection and testimony received upon a further consideration of the matter by the commissioners.   It was thought by the learned justice that under these circumstances there was some force in the argument that, although the order did not expressly authorize the commissioners to receive such objections and testimony, it did not prevent their doing so.   It cannot be questioned that there is merit in the application, for the reason that, if the dedication can be established, it would be unjust to make the petitioner, or any persons assessed, pay for the value of the land supposed to be owned by Mr. Buckley.   The reasonable view of the decision of the general term, in contemplation of the provisions of the consolidation act of 1882 (section 986) would be that the decision made related entirely to the facts as they then appeared, having no prospective effect or application, and leaving the subject of dedication to such further examination as might be made of it by the commissioners in the exercise of their duty.   Technically, it may be said with great propriety that the making of a substantial award to the respondent, Buckley, would necessarily involve an examination as to his title to the premises for which it should be made, and especially in reference to section 889 of the consolidation act, which provides that, after hearing any matter which may be alleged against the same, the court shall either confirm the report, or refer the same to the commissioners for revisal and correction, or to new commissioners to be appointed by the court, to reconsider the subject-matter thereof.   It is contended, it is true, that the words "for revisal and

correction" indicate that the reference back to the commissioners was to be for the purpose or to the extent only to which the court directs and orders that the report be revised and corrected; but the whole object of sending reports in kindred proceedings back to commissioners is to secure the rights of all parties, even although it involve a further examination of the facts and circumstances naturally, necessarily, and legally involved. For these reasons it is thought that the order from which the appeal has been taken, made, as it was, in justice, and proper, as it was, *ex debito justitia*, was no encroachment upon the decision of the general term, was justly made, and should be affirmed. All concur.