## Davies v. Huebner.

1. **Highway:** EFFECT OF NON-USER. Where a highway has been established by the proper legal authority, although never actually opened, mere non-user for a period of ten years will not operate to defeat the right of the public therein, where there has been no adverse use of the land.

2. ——: ADVERSE POSSESSION: ESTOPPEL. Where there had been an entire non-user of a highway for a period of thirty years, and half of the same in width had been inclosed, fenced and in open, notorious and adverse possession for more than ten years, it was held that the public would be estopped to claim any right in the part thus inclosed. The other half having been but recently inclosed, the right of the public thereto had not been impaired.

*Appeal from Lee District Court.*

WEDNESDAY, APRIL 17.

PLAINTIFF is the owner of certain land situated on the line of what he claims to be a public highway, which was established in 1846 by the board of commissioners of Lee county. The defendant is a road supervisor. Certain owners of land adjoining the alleged road fenced their lands to the section lines thus inclosing the road, and plaintiff, after notifying the

defendant to remove the obstructions from the road, commenced this action to compel him to do so.

The defendant answered, admitting the order establishing the road in 1846, but alleging that the same never became a legal highway, because it was not opened and worked, and had never been traveled by the public; that said road was inclosed and put in cultivation by the adjoining owners of the land more than ten years prior to the commencement of the suit; that said road had been for eighteen years abandoned by the public, and that in 1857 the proper authorities laid out and established, worked and opened a highway in the immediate vicinity which superseded the line of the road in question, and that the owners of the land along the line thereof have taken peaceable possession, improved, fenced and cultivated their lands traversed by the alleged road, and held the same adverse to the public and all others.

There was trial by the court, and an order made requiring the defendant to open thirty feet in width of said road for a distance of about one mile. Both parties appeal.

*Van Valkenburg & Hamilton*, for plaintiff.

*Casey & Hobbs*, for defendant.

ROTHROCK, J.—I. The original road as established in 1846 was some four miles in length. In 1857 another road was established, which runs some eighty rods on the same line, and the part of the original road now in controversy extends, from the line common to both roads, east, a distance of about one mile.

It seems to be conceded that the original road as established in 1846 was sixty feet wide.

The evidence fairly shows that the part of the road now in controversy has never been traveled by the public, but that the travel has been at points somewhat distant from the surveyed line. It has never been worked or put in condition for use, but the travel has passed over the open prairie at will, without regard to the surveyed line. The road as established is on a section line, and more than ten years before the com-

mencement of the suit the owners of the land adjoining on the north fenced and cultivated to the section line, thus inclosing thirty feet in width of the road.

No obstructions, by fence or otherwise, were placed on the south thirty feet until some short time of, and within ten years prior to, the commencement of the suit. There were other parts of the line not now in controversy which were inclosed many years ago.

One of the adjoining owners of land erected a house which is partly situated on this part of the line.

The plaintiff claims that the defendant should be ordered to open the road to the full width of sixty feet instead of only thirty, and the defendant insists that, because of the statute of limitations, and the alleged abandonment of the road by the public, there is now no legal highway, and that no part thereof should be opened.

It is argued by the defendant that as the road never was actually opened the public lost all right in the alleged high-way in ten years from the date of the order establishing the same. In the absence of any adverse possession by the adjoining owners we do not believe this proposition to be sound. As applied to an open prairie country, sparsely settled, and where the public travel at will, and roads are seldom worked so as to show the established line, we think the proposition that the public should be concluded, and the road deemed abandoned, for failure to use it in ten years is not correct. To so hold would in effect vacate many of the unused roads, streets, and alleys, in the State.

1. HIGHWAY: effect of non-user.

We are not now discussing the rights of the public in a highway acquired by prescription or dedication. This highway was established by the proper legal authority. Mere non-user of an easement of this character, and acquired in this manner, will not operate to defeat the right. Especially is this so when there is no use of the premises adverse to the right in the public. *Barlow v. The Chicago, Rock Island & Pacific R. R.*, 29 Iowa, 276; *Noll v. The Dubuque B. & M. R. R. Co.*, 32 Id., 66.

II. It is also claimed by the defendant that the establish-

ment of a road in 1857 was a substantial abandonment of the road in question. We do not so regard it. The two roads along the line in question are situated half a mile distant from each other. They are not on substantially the same line so as to indicate an intention to supersede or abandon the old road, by establishing the new one.

III. It is next insisted that as for more than ten years before the commencement of this suit the owners of the adjoining

2. —— : adverse possession : estoppel.

lands have been in the actual, open, notorious, and adverse possession of one-half in width of the road in question, without objection by the public; that this is an extinguishment of the right of the public to that part of the road which has not been reduced to possession, and that by the failure of the public to assert the right the road has been abandoned. On the other hand it is claimed by the plaintiff that the statute of limitations does not run against the public; that this suit is in the nature of an action by the State, against which the statute cannot run, and that the adverse possession for more than ten years does not extinguish the right.

There is a want of harmony in the adjudicated cases upon this subject. Quite a number of cases declare that the public may lose their right to streets, roads, and other public places by long continued adverse occupation. See Washburn on Easements and Servitudes, 669–70, and authorities there cited.

On the other hand, the Supreme Court of Pennsylvania and of other states have held that no adverse possession and use of a public highway by individuals, however long continued, will give a title as against the state or the general public, as the statute of limitations does not run against them. *Com. v. Albner*, 1 Whart., Pa., 469–488; *Philadelphia v. Railroad Company*, 58 Pa. St., 253; *Simmons v. Cornell*, 1 Rhode Island, 519; *Jersey City v. Morris Canal Company*, 1 Beasley, N. J., 547.

In the case of *The City of Pella v. Scholte*, 24 Iowa, 283, it was held that ten years adverse possession of the whole of a public square, with the knowledge of the city, would bar an

action brought by the city for the recovery of the square. In that case the principle is recognized that the statutes of limitations do not apply to the state or sovereignty; but it is held under the special facts there presented that the statute should operate as a bar as against the city. The court say that the rule there announced "would not necessarily apply to a case where the dedication was general, unlimited, and for the whole public, and not restricted, or for the primary benefit of the contemplated municipality, and hence under its special control and guardianship, or to a case where the public corporation was ignorant of its rights, or those of the public, or that these had been encroached upon, or that a hostile right was being asserted against it; or to a case where the action was by the state or its public officer to assert the public rights, and not the municipal corporation to assert *its* rights."

It will be readily seen that a distinction is here made between the rights of a municipal corporation and those of the state or the general public.

We believe the weight of authority is that the statute does not run against the general public because of the adverse possession of a highway established in the manner prescribed by law. Whether this rule should prevail in this State we do not determine; and yet we believe there are cases where the non-user has continued for such a length of time, and private rights of such a character have been acquired by long continued adverse possession, and the consequent transfer of lands by purchase and sale, that justice demands the public should be estopped from asserting the right to open the highway.

The first requisite to establish such estoppel should be that the adverse possession should continue for ten years, by analogy to the statute of limitations. Then it should be shown that there was a total abandonment of the road for at least the period of ten years.

In the case at bar there was an entire non-user of that portion of the road in controversy from the year 1846 to the present, being a period of nearly thirty years. It was originally four miles in length; a greater part of the line has been fenced

and in cultivation for many years, in fact for nearly the active life of one generation. One of the adjoining owners built his dwelling house so that part of it is within the sixty feet claimed as part of the highway. The north half of the mile in controversy was inclosed and cultivated for more than ten years before this suit was commenced. Under these circumstances we believe the public should be estopped from claiming any right in the part of the line thus inclosed and in cultivation.

On the other hand, as the south half of the line has been but recently inclosed, no claim of the analogy furnished by the statute of limitations can be made. The adverse right to the land occupied by the road acquired by inclosing the north half extended only to that portion. Nothing can be claimed by way of constructive possession. It must be actual, open, visible and notorious, and limited to the inclosure, where adverse possession is claimed because of inclosure. Applying these principles to the case, our conclusion is that it should be affirmed upon both appeals. Each party should pay one-half the costs in this court.

AFFIRMED.