BELL v. THE CITY OF BURLINGTON.

1. **Cities and Towns:** DEDICATION OF STREET: FAILURE OF CITY TO
ACCEPT: LOSS OF TITLE. The acceptance by the public of a grant for
a highway is quite as essential to the establishment of the highway as
is the dedication of the soil by the owner. (*Manderschid v. Dubuque*, 29
Iowa, 73.) And so, where the proprietors of two adjacent additions to
the defendant city together dedicated a strip of ninety feet for street
purposes, but the city used and improved only the east sixty feet of the
strip, and the purchasers of the lots on the west of the street occupied,
inclosed and improved the land up to the west line of the strip of sixty
feet so used by the city for a street, and continued for thirty years so to
occupy the west thirty feet of the land orignally dedicated for street
purposes, *held* that it must be conclusively presumed that the city
accepted for street purposes only the east sixty feet of the land so dedi-
cated, and that it cannot now claim the right, by virtue of the original
dedication, to occupy the whole ninety feet with the street. (Compare
*Davis v. Huebner*, 45 Iowa, 574.)

*Appeal from Des Moines Circuit Court.*

WEDNESDAY, MARCH 17.

PLAINTIFF owns certain lots in Barret's addition to the city
of Burlington, which are situated on the west side of Madison
street, and abut on that street. A controversy arose between
the city and plaintiff and certain other owners of property
on that side of the street as to the location of the boundary
line between the street and the abutting lots, the city claiming
that the fences maintained by the property owners on the
fronts of their property were situated thirty feet east of said
line, and inclosed a strip of ground of that width which
belonged to the street. The city council directed the marshal
to notify the property owners to remove said fences from the
strip of ground in dispute, and, on their refusal to obey the
order, the marshal was about to proceed to make the removal.
Plaintiff thereupon brought this action in equity, in which
he prays that the city and its officers be restrained by injunc-
tion from removing his fence or disturbing him in his posses-

sion of the portion of said strip inclosed thereby.    On the final hearing of the case, the circuit court entered judgment granting to plaintiff the relief prayed for in his petition.    Defendant appeals.

*John J. Seerley*, for appellant.

*S. L. Glasgow*, for appellee.

REED, J.—Barret's addition was laid out and platted in 1844, and the plat was duly recorded.  A strip of ground sixty feet wide on the eastern boundary of the addition was designated on the plat as a street, and was dedicated to public use as such.   The proprietor of an addition adjoining Barret's addition on the east also dedicated for street purposes a strip of ground thirty feet wide adjoining this street on the east. These two strips of ground constitute the street now known as Madison street.   The property now owned by plaintiff was inclosed in 1852.   The fence on the east of the property was built on a line parallel with the boundary line between the street and lots as laid out and platted, but about thirty feet east of that line, so that one-half of the ground platted as a street on the front of the lots was inclosed with them, and a fence has been maintained on that line from that time to the present.   Some of the other lots in the addition abutting on the street on the west side had been inclosed before that, while others have since been inclosed.   The fences on the front of all the property, however, were built on the same line on which that inclosing plaintiff's lots was built; so that one-half of the sixty-feet strip dedicated as a street by the proprietor of Barret's addition has been inclosed with the lots abutting upon it by the owners of the lots, and this was done in each instance at the times the lots were improved.   About 1859 a dwelling-house was built on the plaintiff's property by the then owners of it, to which a number of additions and improvements have since been built. The front of this building is twenty-nine feet from the line

on which the fence is built, and there is a porch or portico six feet in width built on the front. The ground between the house and fence is improved as a lawn, and there is a row of shade trees inside of the fence which were planted there twenty-five years ago or more. Plaintiff acquired the property in 1880, and has since used and occupied it as a homestead. The portion of the sixty-feet strip east of the line on which said fences are built, together with the thirty-feet strip east of it, has been occupied and used as a public highway ever since the additions were laid out, and public money and labor have been expended upon it under the direction of the road supervisors, but no portion of said strip west of that line has ever been so used or occupied. The only claim ever asserted by the city to that portion of the strip was made in 1876, when it caused a notice to be served on some of the owners of the property on the west side of the street, directing them to remove their fences from the street. This notice was not served, however, on the person who then owned the property now owned by plaintiff. The direction was not obeyed by those upon whom it was served, and nothing further was done in the matter until the proceedings in question were begun.

We are of the opinion that upon this state of facts the city is now estopped from asserting any claim to the ground in question. Whatever rights are now vested in the public in said street were acquired by virtue of the dedication of the grounds to that use by the proprietor of the addition. The acceptance of the grant by the public was quite as essential to the establishment of the highway as was the dedication by the owner of the soil. *Munderschid v. Dubuque*, 29 Iowa, 73. It was not bound, however, to accept the whole of the grant. The whole of the ground dedicated would have made a street ninety feet in width. The city was not bound to incur the cost and expense of keeping a street of that width in repair. But it had the right to accept a portion of the ground dedicated and reject the remainder.

Ang. Highw., § 157. The evidence of its acceptance of the dedication, and of its intentions in the premises, is found in its acts and conduct with reference to it. It caused the ground for sixty feet in width to be opened and prepared for use as a highway. For more than thirty years the travel has been confined to the ground so opened and improved. All the expenditures of labor and money made by the public during that period for the repair or improvement of the street were made upon that ground. During all this time the owners of the abutting property have used and occupied the remainder of the land included in the dedication, and have treated it as their own property. In the case of the plaintiff's property, valuable improvements have been placed upon the ground in question, and if the city is now permitted to occupy the ground and use it as a street, he (and perhaps others) will be greatly damaged. Everything that has been done upon the property by plaintiff, and those under whom he claims, has been done with the knowledge of the public. Their occupation of the premises has been adverse to the public. Their conduct with reference to the property has at all times amounted to a denial that the public had any interest in or right to the property; and this claim has, to all appearances, been fully acquiesced in by the public.

From these circumstances we think it must be conclusively presumed that only that portion of the land included in said dedication which lies east of the line on which plaintiff's fence is built was accepted by the public as a street. The facts bring the case within the principle laid down in *Davies v. Huebner*, 45 Iowa, 574.

The judgment of the circuit court will be

AFFIRMED.