## ORR v. O'BRIEN.

Highways: NON-USER AND ADVERSE POSSESSION: STATUTE OF LIMITA-
TIONS. In 1864 a highway was established through land now owned by defendant. It was never opened, and what travel there was that way was over the adjacent land. Defendant and those under whom she claims have had actual, open, notorious and adverse possession for more than ten years. *Held* that the right of the public to the highway was extinguished, and that defendant had a right to extend her fences so as to hinder travel along the line of said road and across her adjacent lands. (*Davies v. Huebner,* 45 Iowa, 574, *distinguished.*)

*Appeal from Jones District Court.*—HON. JAMES D. GIFFEN, Judge.

FILED, MAY 9, 1889.

ACTION to enjoin the obstruction of a public highway. In 1864 the public highway was established on a certain part of the line between sections 12 and 13, township 85, and thence west. The location is in timber and brush land, and the road has never been opened up or worked by the public. What travel there was had been over the adjacent open country, without reference to the established line. The defendant and her immediate devisor have owned and occupied the land on both sides of that part of said section line for more than ten years prior to the bringing of this suit, and have for more than ten years maintained a fence that inclosed that part of the section line. Recently, before the commencement of this suit, the defendant extended her fence so as to obstruct travel over the ways by which it had theretofore passed. The plaintiff is shown to have such an interest in this highway as to entitle him to maintain this suit.

*J. W. Jamison,* for appellant.

*Sheean & McCarn,* for appellee.

GIVEN, C. J.—I. "Mere non-user of an easement of this character, and acquired in this manner, will not operate to defeat the right. Especially is this so when there is no use of the premises adverse to the right of the public." *Davies v. Huebner,* 45 Iowa, 574. The mere fact that the road was not opened or worked or traveled on the established line does not bar the public from now asserting the right to do so. In that same case it was insisted that, as for more than ten years before the commencement of the suit the owners of the adjacent lands had been in actual, open, notorious and adverse possession of one-half in width

of the road in question, without objection by the public, that was an extinguishment of the right of the public as to that part of the road. This court held that "there are cases where the non-user has continued for such a length of time, and private rights of such a character have been acquired by long-continued adverse possession, and the consequent transfer of lands by purchase and sale, that justice demands the public should be estopped from asserting the right to open the highway. The first requisite to establish such an estoppel should be that the adverse possession should continue for more than ten years by analogy of the statute of limitations. Then it should be shown that there was a total abandonment of the road for at least a period of ten years." In the case at bar there was an entire non-user of that portion of the road in controversy from the year 1864 to the present, and actual, open, notorious and adverse holding of possession by the defendant and her devisor for more than ten years. Under these circumstances, we believe the public should be estopped from claiming any right in the part of the line thus inclosed, and that the defendant has a right to extend her fences to the hinderance of travel over the adjacent lands.                    AFFIRMED.