G. L. SMITH, Appellant, v. J. R. GORRELL *et al.*,
Appellees, AND JASPER COUNTY, Appellant.

1. **Adverse Possession:** DECREE: WAIVER OF APPEAL. Acts of a party pending litigation in recognition of rights subsequently determined by a decree of court therein, but previously abandoned, will not operate as a waiver of the right of appeal from such decree.

2. ———. The failure of the public to assert any right to a strip of land over which a public highway had been established for nearly thirty years, and the continued and adverse use and occupation of the same by the plaintiff and his grantors, in good faith, for nearly that length of time, *held*, sufficient to vest a title to such land in the plaintiff by prescription, although the person originally taking possession thereof had knowledge of a road having been established thereon.

*Appeal from Jasper District Court.*—HON. D. RYAN, Judge.

MONDAY, OCTOBER 20, 1890.

ACTION to enjoin the opening of an alleged public highway. The county of Jasper was made a party defendant by order of the court. On final hearing a decree was rendered, from which plaintiff and the county of Jasper appeal. The facts are stated in the opinion.

*Meredith & Ogg, Alanson Clark* and *W. G. Clements*, for appellants.

*Winslow & Varnum*, for appellees.

ROBINSON, J.—This action was commenced April 23, 1888. The plaintiff is the owner of the southeast quarter of the southeast quarter of section twenty-four, township eighty, range twenty, in Jasper county. The defendant Groebel is supervisor of the road district in which the land is situated, and threatens to enter upon

the same, and open a public road along the south line thereof. The defendant Gorrell is the owner of property in the neighborhood, and is desirious of having the road opened. Groebel and Gorrell are the appellees, and they contend that a state road was duly established on the line in question in the year 1858 by virtue of chapter 91 of the Acts of the Sixth General Assembly, and chapter 149 of the Acts of the Seventh General Assembly. Reliance is also placed upon some provisions of the Code of 1851. The plaintiff denies that the road was ever in fact established, and claims, further, that his title is now perfect to the strip of land in dispute as against the public by reason of adverse possession under claim of absolute ownership by himself and his grantor for more than ten years.

The district court found in favor of Gorrell, and, as to him, dismissed the petition. It further found that plaintiff was the absolute and unqualified owner of the land described excepting a strip thirty feet wide on the south side thereof. It further found that the highway in question was established in December, 1858, along the south side of said forty-acre tract, and that it included the strip described. The court also found that notice of the establishment of said road and of the right to claim damages by reason thereof had never been given to the owner of the land, excepting as it was imported by the passage of the acts specified, and the filing of the commissioner's report with the county judge, and that the question of damages had never been determined. It was also found that the strip had been inclosed with the remainder of the forty-acre tract for more than fifteen years continuously prior to the commencement of this action, under a claim adverse to the public; that the agent of the owner who first inclosed the tract had actual knowledge of the location of the road in question; that no work had been done by the public on the strip described, and no travel had passed over it for more than fifteen years prior to the commencement of this suit; that Groebel, as road supervisor, was about to enter upon the strip for the purpose

of opening the road when enjoined, and that the county of Jasper was liable to plaintiff for the damages which would result from taking the strip of land for public use.  After the county was made a party defendant, it was ordered to proceed by its officers without delay to have determined the question of damages, when claims therefor should be made, and the cause was continued for further order upon the matter of the assessment of damages.

I.  Appellees have filed a motion to dismiss the appeal, and to strike evidence from the abstract.  It is

1. ADVERSE pos-session: de-cree: waiver of appeal.

claimed that plaintiff is not entitled to further prosecute his appeal for the reason that he has recognized the decree from which he appeals by filing a claim for damages, and joining in an application for the vacation of the road. It appears that plaintiff did file a conditional claim for damages, addressed to the board of supervisors of Jasper county, but that it was filed before the final decree was rendered by the district court, and had been abandoned when that decree was rendered.  It also appears that he never joined in the application for the vacation of the road.

The motion to dismiss is in part based upon the alleged ground that the evidence offered, and the evidence introduced, on the trial in the district court was not so preserved and certified that the cause can be tried here *de novo*.  It is not necessary to specify the questions presented by the motion, since all of them fall within the decisions of this court heretofore announced in the form of opinions.  It is sufficient to say that it is made to appear by numerous papers filed that the evidence in question was duly preserved, and made a part of the record in the manner and within the time required by law.  The motion to dismiss and to strike is overruled.

II.  In the view we take of the case it is not necessary to decide the numerous questions which are

2. —.

discussed by counsel, and which relate to, and grow out of, the alleged establishment

of the road in question. It very clearly appears that so far as it was upon or adjacent to the land of plaintiff hereinbefore described, it was never opened, worked nor traveled. The land on that portion of the line was broken, covered with brush and timber, and was not practicable for teams without some clearing and grading, and perhaps bridging. There was but little travel in that vicinity and what there was passed along by paths and wood roads without regard to lines or points of compass. The land was first fenced in the year 1866, by one Kilgore for his mother. At that time he had heard neighborhood talk to the effect that the road had been located, but as the road was not open on either side of the land he paid no attention to it. His mother conveyed the land to one Thrift in the year 1873. In June, 1877, one Thompson acquired title to the land by virtue of a warranty deed, and plaintiff claims through him by a succession of warranty deeds. It is shown that Thompson and all the grantees in the chain of title from him took, held and used the land, without any actual knowledge of the existence of the alleged road, and that their possession was actual, continuous, open, notorious and adverse to all other claimants. Plaintiff first acquired knowledge of what was claimed in regard to the road a few weeks before this action was commenced. In our opinion the failure of the public to assert any right to the strip in question for nearly thirty years, and the long continued and adverse use and occupation by plaintiff and his grantors. in good faith, should estop the public from now asserting a right to the land. The evidence shows that the case is within the rule announced in *Orr v. O'Brien*, 77 Iowa, 253, and *Davies v. Huebner*, 45 Iowa, 574.

We conclude that plaintiff is entitled to the relief demanded. It follows that the county of Jasper is not liable for damages. The judgment of the district court, as to the appeal of both plaintiff and the county of Jasper, is REVERSED.