HANNA JOHNSON V. THE CITY OF BURLINGTON, Appellant.

**Estoppel: MUNICIPAL CORPORATION.** Under a mistake as to the true boundary of a street, adjacent owners so encroached upon it with permanent improvements as to make it narrower than the dedication by plat contemplated. This was allowed for many years and other owners improved and occupied in line with the boundary so established by mistake. The city laid a walk along the line of the street so narrowed. The street is so shaped that it may have been an advantage to the city not to maintain it at full width. *Held,* the city should be deemed to have declined so much of the dedication as the said owners usurped and that it is now estopped to claim the strip taken by owners under said mistake of fact.

*Appeal from Des Moines District Court.*—HON. JAMES D. SMYTHE, Judge.

WEDNESDAY, MAY 29, 1895.

Action to enjoin the defendant from taking possession of a certain strip of land, and from removing a fence, sidewalk, and trees therefrom. Decree was entered in favor of the plaintiff. Defendant appeals. *Affirmed.*

*Seerley & Clark* for appellant.

*W. W. Dodge* for appellee.

Given, C. J.—I. The contention is with respect to a small strip of land which the plaintiff claims to be a part of lot 15, Starr's subdivision of lots 1 and 2, Starr & Foster's addition to the city of Burlington, made in or prior to 1873, and which defendant claims to be a part of Marshall street. The plat shows Marshall street as a north and south street, extending through the block from Amelia street on the north to Spray street on the south, with lots on each side fronting east

and west thereon. The lots on the east are numbered north to south from 8 to 16, inclusive, and those on the west, south to north from 17 to 35, inclusive. Lots 13, 14, 15 and 16 are bounded on the east and south by Chamberlain's addition. The west boundary of Marshall street is a direct line from Amelia to Spray streets. The east line is parallel thereto from Amelia street to the south line of lot 16, giving width of fifty feet to the street. From that point south to Spray street the east line of Marshall street is thirty-one feet further west, thus reducing the width of Marshall street from thence south to nineteen feet. In 1873, Nels Saldeen purchased said lot 15 from Mr. Starr, at which time Mr. Starr represented to him that a certain line of stakes then standing marked the front line of said lot. Saldeen took immediate possession, and planted trees, erected a dwelling house, fence, and other improvements on the lot, and continued to own and occupy the same until he sold it to the plaintiff's grantor, who continuously owned and had possession thereof until he sold to the plaintiff, who has ever since owned and occupied the same. In building the fence in 1873, Saldeen set the front fence on the line indicated by the stakes pointed out by Starr as the east line of Marshall street, and planted trees and made other improvements according to that line. It is apparent from the evidence that the fence was nine feet four inches on the north, and seven feet nine inches on the south, west of the lot line, and did in fact inclose that much of Marshall street as platted. Measurements show that lot 15 has the dimensions called for without inclosing this strip. It is also apparent that plaintiff and her grantors continuously occupied and used said strip of land from 1873 until near the time of the commencement of this action, November 3, 1892, under the mistaken belief that said strip of land was a part of lot 15. In October, 1884, the city ordered a sidewalk to be laid on the east

side of Marshall street in front of said lot 15 and other lots in the plat. The sidewalk was laid to conform to the line upon which said fence was built, and was permitted to remain, without question, until shortly before the commencement of this action, at which time the city was threatening to remove said fence, and to grade said strip as a part of Marshall street, to enjoin which this action is brought. It further appears that a number of years ago other lots in the block with plaintiff's were improved, and front line fences built upon substantially the same line as that of plaintiff's, and permitted to remain without question. Marshall street, though never otherwise improved by the city, was passable, and a good many people passed there for the last twelve or fifteen years. The contention is whether, under these facts, the city has a right to now take and use said strip of ground as a part of Marshall street.

II. Appellant's contentions are "that there was no adverse possession, because there was no holding of title against the city under any claim of right except a mistake as to the true boundary line of the lots." *Grube v. Wells*, 34 Iowa, 148; *State v. Welpton*, 34 Iowa, 144; *Bolton v. McShane*, 79 Iowa, 27 [44 N. W. Rep. 211]; *Fisher v. Muecke*, 82 Iowa, 548 [48 N. W. Rep. 936], are cited in support of this contention. Appellant's other contention is that the statute of limitations does not run against the city "to defeat the exercise of its governmental authority, it being a governmental authority to establish and maintain a street." *City of Waterloo v. Union Mill Co.*, 72 Iowa, 437 [39 N. W. Rep. 197], and cases therein referred to, are cited in support of this claim. In the view we take of the case, these positions may be conceded, but the question remains whether, under the facts, the appellant city should not be held to have declined the dedication of the strip of land in question, and to have waived and abandoned its right to the same as a part of said street. Let it be conceded that

lapse of time alone will not bar appellant from accepting said dedication, yet it surely may be estopped by its acts from so doing where private rights had been acquired because of its acts. To hold otherwise would be to say that the city may at any time claim under this dedication, though it had previously refused to do so, or, having done so, had totally abandoned the dedication, in consequence of which private rights had attached. That the city may be so estopped is recognized in *Davies v. Huebner*, 45 Iowa, 574; *Orr v. O'Brien*, 77 Iowa, 253 [42 N. W. Rep. 183]; *Smith v. Gorrell*, 81 Iowa, 218 [46 N. W. Rep. 902]; *McAllister v. Pickup*, 84 Iowa, 65 [20 N. W. Rep. 556]. The case of *Bell v. City of Burlington*, 68 Iowa, 296 [27 N. W. Rep. 245], is directly in point. In that case Barrett dedicated a street sixty feet wide along the east line of his addition. The adjoining owner on the east dedicated thirty feet, making a street ninety feet wide. The plaintiff and other lot owners in Barrett's addition inclosed the west thirty of the ninety, and built their fences, houses, and other improvements with reference to that as the lot line. The other sixty feet were improved by the city, and used as a public street for over thirty years, without any claim ever being made to the inclosed thirty feet. The court says: "The acceptance of the grant by the public was quite as essential to the establishment of the highway as was the dedication by the owner of the soil. *Manderschid v. Dubuque*, 29 Iowa, 73. It was not bound, however, to accept the whole of the grant. The whole of the ground dedicated would have made a street ninety feet in width. The city was not bound to incur the cost and expense of keeping a street of that width in repair. But it had the right to accept a portion of the ground dedicated, and reject the remainder." It was held, under the facts, that the city had not accepted the dedication as to said thirty feet, and was estopped from

claiming it. The question in this case is whether, under the facts, the defendant city should be held to have declined and abandoned its right to accept said strip of land as a part of Marshall street, so as to be now estopped from claiming the same. As said in *Bell's Case*, "It was not bound, however, to accept the whole of the grant." It is apparent from Starr's plat that similar reasons existed in this as in *Bell's Case* why the city might not desire to accept the entire dedication. In that case the unusual width of the street was an important fact in showing the intention of the city; in this, the unusual form of the street is important. It will be noticed that, while the west line of Marshall street is a straight line from Amelia to Spray street, the east line is so laid as to contract the width of the street at the south line of lot sixteen to nineteen feet, that width extending only to Spray street, without any outlet beyond to the south. Marshall street is in an unfrequented part of the city, and, as platted, is not likely to ever be much traveled. The width accepted by the city was ample for all the travel that would probably be upon that street; therefore the city might well be understood from its acts as declining to incur the cost and expense of keeping a street of greater width. For nearly twenty years the city, with the same knowledge as to the true boundary that plaintiff and her grantors possessed, acquiesced in their possession of this strip of land, and permitted the improvements to be located and made without protest. It permitted other owners to improve to substantially the same line, and in 1884 caused the sidewalk to be constructed on that line, and thereafter to be so maintained. It seems to us quite clear that under all the facts the city should be held to be now estopped, by its acts, from claiming said strip of land under said dedication as a part of Marshall street. Entertaining this view, the judgment of the district court is *affirmed*.