The Incorporated Town of Cambridge v. Charles Cook, Appellant.

DEDICATION AND ACCEPTANCE. Acceptance by the public of lands dedicated to it for alley, is not established by even the slight evidence necessary in such cases, where it appears that for more than thirty years the land has been planted as an orchard and for nearly all of that time has been fenced in with the surrounding land, and that a barn has been built partly across one end of the alleged alley; and under such circumstances the public is estopped from asserting its right to such alley.

*Appeal from Story District Court.*—HON. B. P. BIRDSALL, Judge.

FRIDAY, APRIL 10, 1896.

Suit in equity to enjoin defendant from maintaining obstructions in a certain alley in the town of

Cambridge. Defense, adverse possession. The cause was tried to the court, and a decree was entered as prayed. Defendant appeals.—*Reversed.*

*J. F. Martin, M. M. Keller,* and *A. L. Bartlett* for appellant.

*Funson & Gifford* and *M. P. Webb* for appellee.

DEEMER, J.—The evidence shows that, when the land upon which the town of Cambridge is now situated, was platted, there was an alley running north and south through what was called on the recorded plat, "Block No. 28." This plat was made November 21, 1856, and was filed for record in the recorder's office on the next day. The town was not incorporated until the year 1881. The alley so attempted to be dedicated, was never opened for public use, but, on the contrary, a fence was erected around the entire block about the year 1867. An orchard was set out in the year 1866, largely upon that part dedicated for the alley, and in 1870 a barn was built, which covered nearly the entire width of the alley at its south end. Defendant purchased a part of the block in the year 1870, and afterwards acquired title to other lots in the block; and at the time of the trial in the court below he was the owner of the entire east half of the block, and of one lot in the west half. He has also at all times maintained a fence across the south end of the alley shown on the plat, and has built and maintained a fence running north and south through the block. This north and south fence is built along or near the center line of the alley. No attempt was made to open the alley until the year 1894, when the city council of the town of Cambridge, notified the property owners in block 28, to remove the obstructions and open it up for use by the public.

The defendant failed to comply with the notice, and this suit followed. The evidence further shows that the alley has never been used by the public, and there is nothing to show an acceptance on its part of the proposed dedication. On the contrary, it appears that it has always been fenced, has had an orchard growing upon it, and is occupied for near, if not quite, its entire width, by a barn, which cost in the neighborhood of five hundred dollars. This was first built in the year 1870, and it has been added to and enlarged from time to time, since that date. The defendant testified that he did not know there was an alley through the block when he purchased; that the public has never used it, nor made demand for its use until the month of April, in the year 1894; that he at all times supposed he owned the alley, and made his improvements with this thought in mind; that he has paid taxes on the property ever since he owned it, and has cultivated a part of the ground which is said to be in the alley. He is corroborated in his testimony by other credible evidence. Indeed, there is little, if any, dispute in the testimony.

The questions in the case are largely of law, and may be resolved to these three: (1) Was there an acceptance by the public of the proposed dedication? (2) Is the town barred of its right of action by the statute of limitations? (3) Is the plaintiff estopped by its conduct from now insisting upon the removal of the obstructions?

That there must be an acceptance of a dedication of lands for public purposes, must be conceded; and, while slight evidence is sufficient to establish it, yet some showing of acceptance is quite as essential as evidence of the dedication itself. *Manderschid v. City of Dubuque*, 29 Iowa, 73; *Johnson v. City of Burlington*, 95 Iowa, 197 (63 N.W. Rep. 694); *Bell v. City of Burlington*, 68 Iowa, 296 (27 N. W. Rep. 245); *Taraldson v. Town of*

*Lime Springs,* 92 Iowa, 187 (60 N.W. Rep. 658). We have already seen that there is no evidence of acceptance by the public. On the contrary, the alley was fenced as early as the year 1867. Prior to that time an orchard had been set out on the ground dedicated as an alley. In 1870 a barn was built, which covered at least a part of the land which, according to the plat, was set apart for public uses. The public has never used that part of it which is in controversy, unless it be the north end, and this was infrequent. We do not think there was such an acceptance of the dedication as that the plaintiff may now insist upon it.

As to the second question, it may be that defendant has not made such claim of right to the property as will sustain his claim of adverse possession, for he purchased with reference to the plat, and his deeds, as we understand it, do not call for any part of the proposed alley. But we think that the town, by reason of its conduct, is estopped from now proceeding to open up the alley, for the reason that it has acquiesced in defendant's exclusive possession of the land for more than fifteen years, and the public has stood by and seen the defendant erect valuable improvements upon the land, has seen him fence and cultivate it, has seen him, or his grantors, plant an orchard upon the ground now claimed to be dedicated to public use, and has seen him, and his grantors, in the possession of the land for nearly thirty years, without making any objection whatever. These facts bring the case within the rule announced in *Davies v. Huebner,* 45 Iowa, 574; *Orr v. O'Brien,* 77 Iowa, 253 (42 N. W. Rep. 183); *Smith v. Gorrell,* 81 Iowa, 218 (46 N. W. Rep. 992),—and other like cases. For the reasons pointed out, we think the decree should have been for defendant.—REVERSED.