SARAH M. UPTAGRAFF, Appellant, v. R. H. SMITH, *et al.*

**Dedication:** REVOCATION: *Adverse possession.*   Adverse possession under a claim of right for more than ten years, of a portion of a plat of land designated thereon as a street, constitutes a revocation of the dedication as against the owner of lots situated on that plat.

SAME.   A dedication of land for a public street is revoked where it was never accepted and the general public has acquiesced in the action of the grantor in using and occupying the alleged street as

2   lots for a period of more than ten years during most of which
    time taxes were levied upon the land and paid, and the town sub-
    sequently incorporated, including the land in question, has raised
    no objection to the action of the grantor.

Plats: VACATION.   An addition cannot be replatted so as to vacate
    certain streets therein, where lots, though not abutting on the
1   streets attempted to be vacated, have been sold under the original
    plat, unless all the owners of the lots in the plat join in vacating
    the street, as required by Code, 1873, section 563.

*Appeal from Dickinson District Court.*—HON. W. B.
QUARTON, Judge.

SATURDAY, OCTOBER 15, 1898.

ACTION in equity to quiet in the plaintiff the title to
certain real estate which had once been platted as streets.
There was a hearing on the merits, and a decree in favor of
the defendants. The plaintiff appeals.—*Reversed.*

*L. E. Francis* for appellant.

No appearance for appellee.

ROBINSON, J.—In September, 1882, the plaintiff
platted Uptagraff's addition to Minnewaukon Beach, and the
plat was duly recorded. It included two streets, named,
respectively, "Fourth Street" and "Fifth Street," which were
dedicated to public use. These streets are alleged to have
been unnecessary and useless. On the nineteenth day of
August, 1885, the plaintiff filed for record a second plat,
which she had executed, and which purported to vacate those
streets, and they were re-platted and numbered as lots. The
plaintiff asks to have the title to that property quieted in her
because of the vacation, and for the further reason that she
has occupied them adversely under a claim of title for more
than ten years. The defendant, the town of Minnewaukon,
was incorporated May 25, 1895, and includes the property in
question. The interests of the defendants are not clearly

shown, but some of them appear to own property in the addition. It is claimed in their behalf that the addition as originally platted contained but four streets, which led to the lake of Spirit Lake; and that, if those in question are closed, there will be but one street to the lake shore which can be used, for the reason that one of the two which will remain is obstructed by a high embankment, the removal of which will cause great expense; and that the vacation is illegal and void.

I. The evidence shows that when the second plat was recorded none of the lots abutting on the streets which the plaintiff attempted to vacate had been sold, and that but a few lots, at a considerable distance from Fourth and Fifth streets had been sold. Sections 562 to 567, inclusive, of the Code of 1873, provided for the vacation of town plats, or parts thereof, and of streets therein, and for the re-platting of what should be vacated. Section 563 provided for the vacation of a plat by the proprietor thereof, but required, in cases where lots had been sold, that all the owners of lots in that plat join in vacating it. Section 564 provided that any part of a plat might be vacated under the provisions and subject to the conditions of the chapter in which the sections referred to are found, if the rights and privileges of other proprietors in the plat were not thereby destroyed or abridged. It does not appear that any of the owners of lots in the addition joined in the vacation of the streets attempted by the plaintiff, and there is uncontradicted evidence to the effect that substantial rights and privileges of owners of lots in the addition will be abridged if the streets in question are permanently closed. We conclude, therefore, that the plaintiff has not shown that the vacation of the streets attempted by the second plat was authorized and effective.

II. We are next required to determine whether the plaintiff, by reason of adverse possession under claim of right, the failure of the public to use the streets, and the

acquiescence of the parties interested in the possession held by her, is entitled to the relief she demands. The lots in question were never used or improved as streets. Since the filing of the second plat, the plaintiff has continuously, for more than ten years prior to the commencement of this action, occupied them, and claimed and treated them as her own. Two-thirds of the lots were covered with trees, and those she caused to be trimmed in the year 1885. She also caused the portions of the lots not covered with trees to be plowed, and used those portions for a garden. She fenced the lots, and kept them inclosed for several years, and used them for a pasture, and for several years she rented them. Taxes were levied on the lots for the year 1886, and for subsequent years to and including the year 1894, and were paid each year by the plaintiff. During all of that time she treated the lots as her own, and her title to them does not appear to have been questioned by any one. For nearly ten years the lots were not within any incorporated town, but were in the country. There is no evidence whatever that the dedication of the lots and streets, tendered by the original plat, was ever accepted, and for more than ten years the general public, and, for the time during which it was incorporated, the town of Minnewaukon, acquiesced in the occupation and use of the lots by the plaintiff, and her claim of-title, without objection. That the dedication of a highway or street must be accepted to be effectual is well settled. *Incorporated Town of Cambridge v. Cook,* 97 Iowa, 599, and cases therein cited; *Brown v. Taber,* 103 Iowa, 1. And that a city or town may be estopped by its conduct to open a street or alley which has been closed or occupied for many years by a private person under a claim of right for many years, is also well settled. *Incorporated Town of Cambridge v. Cook, supra; Johnson v. City of Burlington,* 95 Iowa, 197; *Bell v. City of Burlington,* 68 Iowa, 296. And the same rule has been applied to public highways. *Davis v. Huebner,* 45 Iowa, 574; *Orr v. O'Brien,* 77 Iowa, 253; *Smith v. Gorrell,* 81 Iowa, 218. The

cases of *Taraldson v. Town of Lime Springs,* 92 Iowa, 187, and *City of Waterloo v. Union Mill Co.,* 72 Iowa, 437, were governed by the rule that the statute of limitations will not run to defeat the exercise of the governmental functions of a city or town. Accordingly, it was held in the *Taraldson Case* that the failure of the town to keep open an alley, which had. been accepted, for a term of ten years, did not deprive it of the right to open it thereafter; and in the *Waterloo Case* the same rule was applied to a street. In each case an estoppel was claimed and considered, but held not to be established. We conclude that the plaintiff is entitled to the relief she demands as against the defendant town, because an acceptance of the dedication of the streets is not shown, and for the further reason that she was permitted to claim, hold, and improve the alleged streets as lots, under a claim of absolute ownership, for more than ten years, for eight or nine of which they were taxed, and the taxes were paid by her. The plaintiff is entitled to the relief she demands as against the remaining defendants by virtue of her adverse possession under a claim of right for more than ten years. It follows from what we have said that the decree of the district court is erroneous.

III. A stipulation signed by the appellant and by appellee J. W. Cory in his own right has been filed. It provides that, in consideration of his refraining from making a defense in this court, the case as to him is settled, and no costs, whether incurred in the district court or in this court, shall be taxed to him. It is therefore adjudged that his share of all costs which have accrued in this case shall be taxed to the plaintiff. In all other respects the decree of the district court is REVERSED.