## City of Indianapolis et al. *v.* Board of Church Extension of the United Presbyterian Church.

[No. 3,715. Filed February 5, 1902.]

DEDICATION.—*Municipal Corporations.*—*Streets.*—*Quieting Title.*—By the original plat a street in front of an outlot was designated as eighty feet wide. A subsequent owner subdivided the lot together with other lots and designated the street as ninety feet wide. The city improved the street to the width of eighty feet, and the abutting lots were improved and fenced up to the line of the street as improved. The city collected taxes on the lots for over forty years, treating the street as eighty feet wide. *Held,* that the owner of a lot abutting on such street was entitled to have the title to the ten foot strip quieted, since the city had only accepted the street to the width of eighty feet as designated by the original plat. *pp. 320–327.*

TRIAL.—*Special Finding.*—*Exception to Conclusions of Law.*—*Appeal and Error.*—An exception to the conclusions of law admits, for the purpose of the exception, that the facts found are true. *p. 323.*

QUIETING TITLE.—*Parties.*—*Mortgagee.*—A mortgagee may maintain a suit to quiet title to real estate which he has conveyed by warranty deed. *p. 327.*

From Marion Superior Court; *L. M. Harvey,* Judge.

Suit by the Board of Church Extension of the United Presbyterian Church against the city of Indianapolis and others to quiet title to real estate. From a judgment for plaintiff, defendants appeal. *Affirmed.*

*J. W. Kern, J. E. Bell, J. F. Carson* and *C. M. Thompson,* for appellants.

*F. H. Blackledge* and *W. W. Thornton,* for appellee.

WILEY, J.—The controversy involved in this appeal is over the title to a strip of ground ten feet wide and about sixty feet long at the intersection of Massachusetts avenue and East street, in the city of Indianapolis. Appellee was plaintiff, and appellants, as defendants, answered separately by denial. Trial by the court, and, upon proper request, the court made a special finding of facts and stated its conclusions of law thereon. Though the conclusions of law were favorable to appellant Weiss, yet he has appealed. Each of the appellants moved for a new trial, which motions were overruled. The errors assigned bring before us for review the conclusions of law and the overruling of the motions for a new trial. The real point in issue depends upon whether Massachusetts avenue immediately in front of the real estate in controversy is ninety or eighty feet wide. If it is ninety feet wide, then said real estate is a part of the highway, and not a part of the abutting lots. On the contrary, if the avenue is only eighty feet wide, then said ten-foot strip is not a part of the highway, but a part of the abutting lots. The court found as a fact that the avenue at that point was only eighty feet wide. Massachusetts avenue as originally laid out and improved up to the point where it intersects East street, is ninety feet wide. It is the contention of appellee that said avenue, as extended northeast beyond East street, is only eighty feet wide.

In 1836, one John Wood was the owner of outlot forty-one. Outlot number forty-one was at the intersection of East street and Massachusetts avenue, and formed the northeast corner of said intersection. Massachusetts avenue was shown on the original town plat, which plat showed said outlot number forty-one, and on which said avenue was marked and designated as eighty feet wide in front of said outlot. November 7, 1836, said Wood made and executed a plat of said outlot, together with other lands, into twenty-five lots, numbered from sixteen to forty, which plat was duly recorded. In this plat Massachusetts avenue, as

extended northeast, was designated as ninety feet wide. Upon said plat, fronting west on East street, was marked three lots, viz., twenty-seven, twenty-eight and twenty-nine, which lots were immediately north of Massachusetts avenue. Said lot number twenty-seven was triangular in shape, and was immediately in the angle formed by the intersection of said avenue and street. Lot twenty-seven had a frontage on East street of eighty-eight feet, and the strip of land in controversy was between the north line of said avenue, as shown by the original plat, and the south line of said lot number twenty-seven, as shown on Wood's plat. By subsequent conveyances one David G. Cale became the owner of said lots twenty-seven, twenty-eight and twenty-nine. February 19, 1872, said Cale subdivided said lots by a duly executed and recorded plat into seven lots, numbered from one to seven, inclusive, all of which lots fronted on Massachusetts avenue. At the rear of lots one and two, of Cale's subdivision, an alley is designated on the plat, and dedicated to the public. On said plat the width of Massachusetts avenue is not designated. February 19, 1872, said Cale executed his corrected plat of subdivisions of lots twenty-seven, twenty-eight and twenty-nine, and on December 22, 1883, caused the same to be recorded. Said corrected plat divided said lots into eight instead of seven lots. By successive conveyances the title to lots one and two, in Cale's subdivision, was vested in appellee June 7, 1872. June 19, 1896, appellee conveyed to appellant Weiss said lots one and two, in which conveyance they were described as follows: "Commencing at the southwest corner of lot one, at the intersection of the east line of East street and the northwest line of Massachusetts avenue, running thence north along the east line of East street 100 feet; thence east at right angles with said East street fifty feet to the east line of lot number two; thence south along the east line of lot number two to the northwest line of Massachusetts avenue; thence southwest along the northwest line of

said avenue to the place of beginning as shown by the corrected plat," etc.   Since 1872, the city of Indianapolis has made improvements upon the roadway and sidewalks of Massachusetts avenue at various times in front of said lots, and in all of said improvements the city treated and improved said avenue as being eighty feet wide, treating the northwest line of said avenue as the original line, as shown on the original plat, opposite said lots one and two.   During all of said time persons owning and occupying said two lots have maintained a fence on said line of Massachusetts avenue along the northwest line of said sidewalk as so improved, and during said time used and occupied the lands lying within the limits described by said fence.   The said avenue, at the time this case was tried, had been permanently improved in the roadway by asphalt, and the sidewalks with cement.   Since said subdivision the city of Indianapolis has assessed and collected taxes on said lots one and two, and that during all of said time said ten-foot strip has been treated by said city as a part of said lots.   During all these improvements the city treated said avenue opposite said lots as being eighty feet wide, and the north line thereof as originally shown on the city plat of outlot forty-one, and the same as the fence line has at all times been, which fence line is the same as it has been for forty years. In 1873 a blacksmith's shop was built on the north line of said avenue, on the line as above described, covering said ten-foot strip, and has since remained there.   A dwelling-house stands on lots one and two, and one corner thereof rests on said ten-foot strip and has so rested since 1884. During all this time appellant city never objected to such use of said ten-foot strip as a part of said lots.   Under the various conveyances of said lots one and two, the successive grantees, including appellant Weiss, took possession of said ten-foot strip to said fence line, and have at all times maintained such possession without objection from the city.

The description in the deed to Weiss was intended by

the parties to the deed to cover as a part of the lots said ten-foot strip, the southwest corner of said land being the corner made by the intersection of the east line of East street and the north line of Massachusetts avenue, as originally indicated in the original plat of outlot forty-one, and said Weiss took possession of said strip and still holds such possession.

The court specifically found that said ten-foot strip was not dedicated to the city as a part of the highway; that the same was never accepted by the city as a part of the highway, and that said city never at any time or in any manner or extent possessed, controlled, or used the same as a part of the highway, or for any other purpose. The last finding of the court is as follows: "That the parties have, by agreement, excluded all questions from the issues and trial herein, except the question as to whether said ten-foot strip is a part of a public highway of the city, or whether the same is a part of said lots, and conveyed as such to said Weiss, reserving all questions as to other matters than the title thereto." Upon the facts so found, the court concluded as a matter of law that said ten-foot strip was a part of said lots; that it was conveyed to said Weiss as such, and that the title to it should be quieted in him. In view of the facts found, we do not see how the court could have reached any other conclusion.

By excepting to the conclusions of law, appellants admitted, for the purpose of their exceptions, that the facts found are indisputably true. *Indiana, etc., R. Co.* v. *Doremeyer*, 20 Ind. App. 605, 67 Am. St. 264; *Blair* v. *Curry*, 150 Ind. 99; *North British, etc., Co.* v. *Koontz*, 17 Ind. App. 625. The court found as a fact that Massachusetts avenue, opposite lots one and two, was only eighty feet wide; that the city had recognized said fact by improving it to that width, and had caused to be constructed permanent cement sidewalks and an asphalt roadway, the width of all of which is only eighty feet. There is an abundance of evi--

dence to support this fact, notwithstanding the fact that the Wood's plat designates the avenue as ninety feet wide. It is clear that the city never accepted a dedication of the avenue ninety feet wide at the point in controversy; while on the contrary, all the facts show that it only accepted a dedication of eighty feet. Even Wood's plat, although designating the avenue as being ninety feet wide, was made with express reference to the "original plat of the town of Indianapolis and its environs, as filed in the recorder's office of Marion county July 5, 1831." Wood's subdivision of outlot forty-one was a part of the original plat, and in the original plat Massachusetts avenue opposite outlot forty-one was designated as being eighty feet wide. By referring to the original plat, he made it a part of his plat, and in this manner adopted the width of the streets as thereon indicated opposite his subdivision. So we must read the Wood plat in connection with the original plat. If there is a conflict, we must try and reconcile it. The fact that on the original plat the avenue was designated as eighty feet wide, while on the Wood plat it was designated as ninety feet wide, makes the conflict in the plats themselves irreconcilable. In such case we must look to the practical construction given to them by all the parties interested. *Truett* v. *Adams*, 66 Cal. 218, 5 Pac. 96; *McCormick* v. *Barnum*, 10 Wend. 105.

As construed by the parties in interest,—the successive grantees, and specially the city of Indianapolis,—there can be no doubt but what they have been guided by the original plat, and accepted and recognized the avenue opposite the land in controversy as being eighty feet wide. By a reference to the evidence, we find that the officers of the city recognized the avenue as being only of that width, and for the improvement of the roadway and sidewalks assessed lots one and two as abutting property, and as adjoining the original north line of said avenue as shown by the original plat. Such assessment of necessity included the ten-foot

strip. So far as the record shows, the city of Indianapolis never claimed this ten-foot strip as a part of the highway until after this litigation was commenced. The city never needed it for a street, and does not now. The roadway and sidewalks are permanently improved to the width of eighty feet, as shown by the original plat. It is unreasonable to believe that, if by this litigation, it should be determined that this ten-foot strip was a part of Massachusetts avenue, that the city would tear up the permanent improvements it has caused to be made, and widen the avenue at this point, for a distance of about sixty-seven feet.

We are clearly of the opinion, in the light of the facts, that the city never accepted a dedication of a ninety-foot roadway in front of this property, and the validity of a dedication depends upon an acceptance. *Steinauer* v. *City of Tell City*, 146 Ind. 490. See, also, *Booraem* v. *North Hudson, etc., R. Co.*, 40 N. J. Eq. 557, 5 Atl. 106.

A dedication of a public highway may be accepted in part and relinquished in part. So, if it be conceded for the argument, that Wood dedicated to the public a street ninety feet wide, it does not necessarily follow that the entire width had to be accepted. There may be an acceptance and appropriation in part, and not for the whole. A piece of land may be dedicated to public use, and yet the public convenience may not require the whole of it. In such event, the part needed may be accepted and appropriated, and the residue, by common consent, be relinquished. See *State* v. *Trask*, 6 Vt. 355, 27 Am. Dec. 554; *Town of Carrollton* v. *Jones*, 7 La. Ann. 233; *In the matter of Public Works*, 48 Hun 488, 1 N. Y. Supp. 237.

The case of *Bell* v. *City of Burlington*, 68 Iowa 296, 27 N. W. 245, is directly in point. There two proprietors of two adjacent additions to the city together dedicated a strip ninety feet wide for a street. The city used and improved only the east sixty feet, and the purchasers of the lots on the west line of the street occupied, enclosed and improved

the land up to the west line of the sixty-foot strip improved and used as a street, and continued for thirty years to occupy the west thirty feet originally dedicated for street purposes. It was held that it must be conclusively presumed that the city occupied for street purposes only the east sixty feet so dedicated, and that it could not claim the right by virtue of the original dedication to occupy the whole ninety feet with the street. See, also, *Davies* v. *Huebner*, 45 Iowa 574; *Town of Cambridge* v. *Cook*, 97 Iowa 599, 66 N. W. 884; *Uptagraff* v. *Smith*, 106 Iowa 385, 76 N. W. 733; *Jordan* v. *City of Chenoa*, 166 Ill. 530, 47 N. E. 191. In the last cited case it was held that a city has no rights in streets and alleys shown on a recorded plat till an acceptance thereof; and that taking control of certain streets and alleys shown on a recorded plat, is not an acceptance of others. By a parity of reasoning, it seems clear to us that an acceptance by a city of a part of a street shown on a recorded plat, and repeated improvements of such part for over forty years, is an abandonment or relinquishment of that portion not occupied or improved, and must be held to be an acceptance only of the part so occupied and used.

In the case of *Hamilton* v. *State*, 106 Ind. 361, it was held that, where a public highway, through a given district or neighborhood, or along a particular line, has been maintained for more than twenty years, substantially of a uniform width, less than that at which it was laid out and established, and valuable improvements,—as fences, etc.,— have been made in good faith on the appearance of things, the law will presume an abandonment of so much of the highway as has been thus occupied.

So in this case, if there was any evidence to show an acceptance of Massachusetts avenue as ninety feet wide, as designated by the Wood plat,—which there is not,—yet, under the rule declared in the Hamilton case, the city of Indianapolis could not now assert any right to the entire ninety feet, in view of the established facts. Upon the

question of abandonment, see *Jeffersonville, etc., R. Co.* v. *O'Connor*, 37 Ind. 95; *Louisville, etc., R. Co.* v. *Shanklin*, 98 Ind. 573; *Town of Freedom* v. *Norris*, 128 Ind. 377.

The court finds that the city never accepted any dedication of the strip of land in controversy for highway purposes, although by the Wood plat Massachusetts avenue was designated as ninety feet wide opposite outlot forty-one, which would include the strip in controversy. It is also found that by the original plat said avenue was designated as eighty feet wide. The evidence shows that the city accepted and improved the avenue to a width of eighty feet.

There is no evidence or finding that the public or any individual ever acquired, for any public use or purpose, any right in or to said ten-foot strip. It follows, therefore, that the court's findings upon all material facts are amply supported by the evidence. The rights of the city, and consequently the rights of the public, are not in any manner infringed by the conclusion reached by the trial court.

We see no good reason why a mortgagee cannot maintain a suit in equity to relieve the mortgaged estate, which he has conveyed, from any cloud or embarrassment which might affect his rights under the mortgage, and thus protect the title which he has conveyed and warranted. The following authorities seem to recognize such right: *Polk* v. *Reynolds*, 31 Md. 106; *Wofford* v. *Police Board, etc.*, 44 Miss. 579.

The court finds as a fact that doubt had arisen, and that a controversy was threatened between appellee and appellant Weiss as to the title to said ten-foot strip of land. Under these facts, appellee had a right to resort to the courts to have the question determined, to the end that it might protect the title and make good its warranty. Appellant Weiss is certainly not in a position to complain of the result reached, for the judgment of the court settles in him the land in dispute.

Appellant's motions for a new trial each question the

sufficiency of the evidence to support the decision; that the decision of the court is contrary to law; and that the several special findings are not sustained by sufficient evidence.

In our judgment none of the reasons for a new trial are well founded, and the foregoing discussion substantially disposes of all of them adversely to appellants.

Judgment affirmed.