CHARLES P. DUETZMANN, Appellant, v. MRS. M. KUNTZE.

Real property: CONTRACT OF PURCHASE: RESCISSION: WAIVER. A
1 purchaser of real property seeking to rescind the contract on the ground of false representations must do so within a reasonable time; and, where, as in this case, plaintiff made payments upon a contract some time after learning of the false representations, and continued to use the property without intimation of dissat-

isfaction and with full knowledge of the false statements for a period of several months, the right to rescind was waived.

**Municipal corporations:** STREETS: ABANDONMENT: ESTOPPEL. Where 2 a town was incorporated several years after the construction of a building extending several feet into the street as platted, and for a period of thirty years thereafter made no objections to such occupancy of the street, but improved the street during that time with reference to the building as being located upon the lot line, it will be presumed to have accepted the street as extending only to the building, or to have abandoned the portion occupied, and is estopped from thereafter asserting title to the same.

**Conveyances:** COVENANTS: FULFILLMENT. The covenant of a ven- 3 dor to convey by good and sufficient warranty deed is satisfied by a conveyance of such title, although it may have been acquired by long possession coupled with abandonment by the public.

**Real property:** RESCISSION OF CONTRACT: NECESSARY PARTIES. The 4 town in this case was not a necessary party to the suit to rescind the contract, although the action involves a determination of whether the vendor by long possession and abandonment by the town had acquired title to that part of the property conveyed which was originally in the street; as that question is determinable without prejudice to the rights of the town.

*Appeal from Mills District Court.*—HON. W. R. GREEN, Judge.

MONDAY, APRIL 11, 1910.

THE parties hereto entered into a contract, by the terms of which plaintiff undertook to pay defendant $3,200 for the "west seventy feet of lots 415 to 419, inclusive, and the W. ½ of the N. ½ of lot 414 in Hastings, Iowa," on which there was a hotel with furniture, fixtures, bedding, utensils, and supplies, as follows: $900 in cash and $50 every three months until paid for. Whereupon defendant undertook to convey the same to him. He took possession November 1, 1905, and conducted the hotel until September 5, 1908, when this action to rescind the contract was begun. As grounds therefor, he alleged that the execution of the contract was procured

by fraud, in that: (1) Defendant falsely represented the hotel building to be on the said lots, whereas it extended at least seven feet in Tarkio street, and (2) that she falsely represented said building to be new and of sound material, whereas it was an old and decayed building, moved on the lots, somewhat repaired, with an addition thereto. He had paid, at different times, $1,899, and expended in improvements, consisting of a cave, addition to barn, a squabbery, sidewalk, fence, and the like, the sum of $655.50, and prayed that the contract be cancelled, and that he have judgment for these amounts, and that the same be established as a lien on the property. The defendant denied the allegations with respect to fraud, and averred that a hotel had stood where the one now does since 1872, and that the west line thereof had always been treated as the street line, and that the town of Hastings, as well as plaintiff, were estopped from denying the ownership thereof. She further averred that plaintiff had continued in the possession and use of' the property long after ascertaining the location of the building and its condition when purchased, and was estopped by reason thereof from now asking that the contract be rescinded. The petition was dismissed, and plaintiff appeals.—*Affirmed.*

*W. E. Mitchell,* for appellant.

*Genung & Genung,* for appellee.

Ladd, J.—The Foster House was erected at Hastings, Iowa, in 1872. The defendant became the owner of it in 1893, and it burned down July 3, 1903. Thereupon she bought an old two-story building, with one side open when detached from another, and moved it on the foundation of the burned house. It was repaired, additions constructed, and a new roof put on, and the struc-

ture, when completed, denominated "Hotel De Rudolph." Defendant had expected her son-in-law to conduct the house, but, as he departed for Germany, she did so, but in the fall of 1905 advertised it for sale in an Omaha paper as a "good sixteen-room hotel, close to depot; nearly new; junction point; cause for sale sickness; this is a snap." The plaintiff, then at Butte, Neb., responded to this advertisement, and the defendant, among other things, wrote: "This is a new building, although I have been here fifteen years. A few years ago it burned down. Then my brother-in-law begged me to rebuild, as he knew there was money here. I did build, but he left for Germany before I had it all built and done so that it was left for me alone to run, but I have the rheumatism so bad at times I can hardly walk or creep. This is why I want to sell and go to a warmer climate." The plaintiff examined the property in detail, entering every room, October 18, 1905, and the outcome was the purchase thereof. At that time, according to his story, she represented that the hotel was newly constructed of the best material the year before and had been occupied since April previous and represented the west side of the building to be on the lot line. On the other hand, defendant testified that in speaking to him she referred to a room as being in the new part of the hotel, told him the cost of that part, and denied having said the house was on the lot line, but, instead, remarked that it was where the old house stood, and her daughter, who had showed him through the building, testified to having referred to a room as in the old part of the hotel, and confirmed her mother's testimony to having mentioned a room to him as being in the new part. All of this was denied by plaintiff. Other evidence was to the effect that the character of the building was readily observable. Plaintiff further testified that, during the first winter, the foundation where the old and new parts joined split in the middle and made

an opening two inches wide, that after that winter the doors would not open and close freely because of the old part sagging, that in 1907 or 1908 the chairs began to break in the floor, that in the spring of that year he discovered the joists were decayed, and that the west wall was not plumb. From a survey it was ascertained that the building extended in Tarkio street seven feet. Plaintiff admits that Young pointed out the line in 1906 or 1907. So that on his own testimony it must be found that he was aware of the condition of the building as early as March, 1908, and, if a man of ordinary observation and judgment, it must have been known to him much earlier. The evidence of others, when considered in connection with his own, leaves no doubt but that he was aware that the hotel extended into the street as early as 1906. And yet, with such knowledge, he continued in its occupation, keeping incubators in the parlor a part of the time, and hatching chickens therein, and enjoying the use of the premises until September, 1908, when this action was begun. His conduct so strongly confirms the contention of defendant that he bought with knowledge that we ought not to interfere with the finding of the trial court.

Ruing his bargain, he first offered to yield the property to defendant upon payment of $500, and, failing in this, instituted this action to rescind. Even if there were

1. REAL PROP-
ERTY: con-
tract of
purchase:
rescission:
waiver.

misrepresentations as alleged, the plaintiff was required to elect either to execute or rescind the contract at the time of discovering the wrong or within a reasonable time thereafter. *Moore v. Howe,* 115 Iowa, 62. What is a reasonable time necessarily depends on circumstances. Here plaintiff paid $100 on the contract, April 30, 1908, long after he must have ascertained the condition of the building, and, though defendant lived within a few rods from the hotel, gave no intimation of any dissatisfaction on his

part until more than five months after full knowledge had been acquired. Continued use of the hotel and enjoyment of its patronage for this period, in connection with the payment mentioned, waived any right he may have had to rescind. *Moore v. Howe, supra.*

Moreover, the title to the portion of the platted street occupied by the hotel was conclusively shown to be in the plaintiff. The foundation was of brick, and the hotels had rested thereon since 1872, five or six years prior to the incorporation of the town of Hastings. Upon incorporation, the town interposed no objection to the occupation of the portion of the street, and as, in improving it, the hotel was treated as being on the street line for nearly thirty years, it must be assumed to have accepted the street as extending to the hotel or to have abandoned the portion occupied thereby. See *Burroughs v. Cherokee,* 134 Iowa, 429. Other lot owners improved to the same line, and after thirty-six years of occupancy by defendant and her grantors without objection on the part of the town, and, as we think, without thought of it being other than the true line, it is now estopped from asserting title thereto. *Johnson v. City of Burlington,* 95 Iowa, 197.

2. MUNICIPAL CORPORATIONS: streets: abandonment: estoppel.

It is said, however, that plaintiff was not bound to take land in Tarkio avenue. As pointed out, it was no longer therein, and, if he did not buy it, he acquired the tract described in the contract and can not complain of getting more than he bargained for. If that in the street was pointed out as a portion of the tract described in the contract, there was no failure of title. That instrument contained no covenant on defendant's part save that upon full payment she would convey by good and sufficient warranty deed. Surely this exacted no more than that she convey title, even though it may have been acquired through long possession coupled with abandonment by the public.

3. CONVEYANCES: covenants: fulfillment.

But appellant contends that this issue might not be decided without the town of Hastings being made a party. That it might have been a proper party may be conceded; but, as the court might decide the issue without prejudice to the parties and as any rights the town of Hastings might have, would not be prejudiced thereby, it was not a necessary and indispensable party to the action. Section 3466, Code; *Tod v. Crisman,* 123 Iowa, 700. The motion to strike this defense was not ruled on in the district court, and for this reason is not considered.

4. REAL PROP-
ERTY: rescis-
sion of con-
tract: neces-
sary parties.

The decree is *affirmed.*