The STATE, TO USE OF TOWNSHIP FORTY-FOUR, Appellant, *vs.* DENT, Respondent.

1. Under the act of congress of March 23, 18?3, where the register and receiver, under the advice and direction of the school commissioners appointed by the state, located land in lieu of the sixteenth section, granted by the act of March 6, 1820, for the use of schols, and where the land thus located was sold under a law of the state, on the petition of the inhabitants of the township, and the money applied to the benefit of schools in that township, *it was held,* that the state and the inhabitants of the township were estopped from afterwards claiming the sixteenth section.

## *Appeal from St. Louis Circuit Court.*

*E. Bates,* for appellant. 1. The title of the plaintiff to all those parts of section 16, township 44, not disposed of by the government before March 6, 1820, was perfect by the act of congress of that date, and the ordinance of the Missouri cenvention, dated July 19, 1820, and has uniformly so been considered by our legislature and so adjudged by this court. (See act of January 17, 1831.) R. C. 1835, p. 562. 8 Mo. Rep. 477. ib. 640. 3 ib. 310. 13 ib. 112. ib. 139. The title of the state being complete, it can only be divested by the act or assent of the state itself. 2. The plaintiff is not estopped to claim the fractions of section 16, by the fact that section 31 was appropriated and sold for the benefit of schools in township 44. The state is the party to be estopped, if any body. The terms of the grant are *to the state, for the use* of the inhabitants, *for the use* of schools. The state has done nothing whereby it could be estopped. It had nothing to do with the selection and sale of section 31, and if it had, that is no estoppel. There is nothing to show that section 31 was selected in lieu of section 16, or by any person having legal power to select, or under circumstances when, by law, a selection could be made at all. The act of March 3, 1823, limits the quantity to be selected in lieu, to the amount of interference of old claims, and designates its own officers—the re-

gister and receiver—to do the business, not trusting it to state officers or private persons. The testimony in this case shows that the selection was not made by the register or receiver. The inhabitants of the township have no power over the subject, except as it is granted to them by the acts of our legislature. R. C. 1835, 1845, tit. "School Lands." The only direct grant of power in those acts is of the power to procure the sale by petition. 3. The inhabitants of township 44 had no right nor power to abandon the sixteenth section, and they never did abandon it in fact.

*F. M. Haight* and *B. A. Hill*, for respondent. The act of March 6, 1820, is not a grant *in presenti*. The act is, that section 16 shall be granted, and when sold or otherwise disposed of, other lands equivalent thereto. This proposition is accepted by the state. If no part of the sixteenth section had been disposed of, the title would vest, after it had been surveyed and designated. But if any part had been disposed of, then no title vested even to the portion which remained; but the right of the state was to have equivalent lands. Until that right was exercised, and the equivalent lands agreed upon, the matter would rest in contract. The state did not accept part of a section, and was not bound to accept it. The state might have taken and the government have given part, but that would have required some act between the parties. At the date of the act, *there was no state;* when the state was organized and admitted, she had a right to call on the federal government for the sixteenth section or an equivalent. In this case, she received the equivalent. Another section was selected and appropriated and reserved by the United States, and sold by the state, and the proceeds applied to the use of schools in township 44. The selection was made for the state by its authorized agents. But if it was not, the selection was adopted and the benefits received; and neither the state, nor its *cestui que trust*, the inhabitants, can, at this day, repudiate it. All parties are *estopped*.

State *v.* Dent.

RYLAND, Judge, delivered the opinion of the court.

1. The land sued for in this action, is a part of section No. 16, in township 44, of range 6 east, lying in the county of St. Louis, being the north-east and north-west fractional quarters of said section, containing about 227 acres of land. The balance of the section is covered by old Spanish grants, confirmed under acts of congress. The plaintiff claims the fractions of said sections as school lands, under the act of congress of March 6, 1820, by which the sixteenth section in each township in the state of Missouri is granted to the state for the use of schools in the several townships; and where such section is sold or otherwise disposed of, lands equivalent thereto and as contiguous as may be, are granted. The defendant claims the north-west fractional quarter of said section, by purchase at public sale, as public land, from the register and receiver of the United States, under the act of congress of February 17, 1818, for which he obtained a patent 20th May, 1824. The north-east fractional quarter was entered as public land, by the defendant, and the patent of the United States therefor was issued 18th April, 1831; and the defendant has been in possession of the land since the date of the patents.

On the 3d March, 1823, it was enacted by congress that, where a part of the sixteenth section had been disposed of, a location of land in lieu thereof might be made, and the registers and receivers of the several land offices of the United States were authorized by the act to make the selection and location, and had the power to include or exclude the residue of the sixteenth section. The act directed " a descriptive entry of such selected lands to be made on the books of the register, specifying the township in which, as that for the use of which the selection shall have been made." The register and receiver were to make the selections as soon as might be, and the lands thus selected and located, were granted in lieu of the sixteenth section.

The first commissioners for school lands were appointed by act of the legislature of Missouri, of 6th of December, 1820. 1 Terr. Laws, 698. The second act of the legislature of the state was passed December 17th, 1822. 1 Terr. Laws, 105. These acts provide generally for the preservation of the school lands granted, or that might thereafter be granted for the use of schools. Under the second act, the county court of St. Louis county appointed school commissioners for the several townships, on the 27th February, 1823. It appears from the report of the chairman of the board of commissioners thus appointed, that they organized soon after their appointment, and selected lands in lieu of the sixteenth sections sold or disposed of, and that " in lieu of section 16, township 44 north, range 6 east, " section 31, in township 45 north, of range 6 east, containing 669 acres," had been selected.

The school commissioners, under the act of the Missouri legislature, had no power to select or locate the lands in lieu of the sixteenth sections otherwise disposed of, in whole or in part; but it is evident from the record, that the register and receiver of the United States, who had this power under the act of congress of 1823, coöperated with the school commissioners, agents for the state, *pro hac vice,* in the selection and location of these lands. We cannot suppose that the register and receiver were required to leave their offices and hunt about the country and see what lands should be selected for the sixteenth sections already disposed of, and select the lands in person. The commissioners of the school lands, interested more, in all probability, than the register and receiver, would take pains to ascertain the best selections, and then consult with the register and receiver and communicate their views and their choice of the lands ; and thus the register and receiver would make the entries on their maps and books of the selected lands. Accordingly, we find the following entries on the township plats in the register's office, of townships 44 and 45, in said county : T. 44 N., R. 6 east ; " Sec. 31, in T. 45, reserved in lieu of S. 16, in T. 44, as school land." In township 45, the follow-

ing entry is written across section 31 : " Reserved for sec. 16, in township 44 N., R. 6 east." These entries on the plats in the register's office, appear to be ancient entries ; and the fact that the defendant bought the north-west fractional quarter of section 16, in township 44, at public sale, by the register and receiver, for which he obtained a patent in 1824, proves, beyond any reasonable doubt, that the selection of section 31, in township 45, was made by the register and receiver of the United States, prior to the date of the patent to the defendant.

The inhabitants of township 44 exercised acts of ownership over section 31, in township 45, so reserved and selected as school lands for their township ; and on the 2d day of June, 1838, pursuant to the law then in force, they petitioned the county court for the sale of section 31, in township 45, for the benefit of the schools. The sale was ordered, the land was sold, and the proceeds were received by the trustees of the inhabitants and invested for the use of schools in township 44.

The acts of the register and receiver of the United States, in the selection of section 31, township 45, in lieu of section 16, township 44, and the approval of those acts of selection and location by the school commissioners and the inhabitants of township 44, are conclusive against the claim of the plaintiff to the land sued for, under all the facts and circumstances, as they appear in this case. There was but one section of land granted to each township for the use of schools, and township 44 has received and used a section of land located under the act of congress of 1823, and the plaintiff cannot now be permitted to call in question the validity of those acts of location by which the title to the land in section 31, township 45, was vested in the state for the use of schools in township 44.

The defendant, Dent, purchased the land sued for of the United States, upon the faith of those acts of selection and location, which were expressly designed to influence the action of the agents of the United States and of the defendant in that behalf. Under a grant for a section, which usually contains 640 acres of land, the state, through the action of its agents,

21—VOL. XVIII.

and of the officers of the general government, has obtained a title to 669 acres for the use of schools in township 44, and after accepting and selling such land, under such grant, the pretence is now set up, thirty years nearly after the location, that the state *is* not bound by it, and that a court of justice would aid the state in taking the land sold by the United States to the defendant, upon the faith of such location.

We consider the government of the United States and the state of Missouri both bound by the location and selection of the land in township 45, in lieu of the sixteenth section, in township 44, and that the effect of that selection and location was, to satisfy the grant made to the state by the act of 1820. Upon this view of the case, then, the court below committed no error to the plaintiff's prejudice, in refusing to give the instructions asked for by the plaintiff, or in giving those for the defendant.

The judgment of the court below is affirmed; Judge Scott concurring. Judge Gamble did not sit in the cause.