SUSAN BROWN v. CITY OF CEDAR RAPIDS, Appellant.

Boundaries:  *Location of Road.*  Plaintiff owned a lot bounded on the south by E avenue.  Just west of the lot the avenue was 66 feet wide, but plaintiff claimed that her lot included the north 33 feet of the avenue.  The city claimed that a public road had been opened over the same route in 1848, and that it included the disputed strip.  About 1870 a ditch was opened through what was afterwards E avenue, for drainage purposes, and in time washed out its banks, making a channel 40 feet wide, or more.  In 1896 a sewer was substituted for the ditch. Witnesses for the city and for plaintiff testified that E avenue was the old public road; that travel went along it to a ferry

which crossed a river at that point; that the road was of equal
width, and there was no jog or offset where it passed plaintiff's
land.   They all agreed, however, that in bad weather travel-
ers went where they pleased, and that after the ditch was
washed out there was no travel at that point in dispute.   The
strip was not inclosed with the remainder of plaintiff's lot by
a fence.   The field notes of the survey of the old road did not
locate it where E avenue afterwards was, nor anywhere near
it.   The avenue did not extend to the river, while the old
road did.   When the sewer was put in on the avenue, plain-
tiff offered to permit the use of the necessary part of her lot,
and her proposition was accepted by the city.   She paid an
assessment for brick and paving and stone curbing along the
disputed strip on a side street.   *Held*, that plaintiff was enti-
tled to an injunction restraining the opening of a road through
the strip.

*Appeal from Linn District Court.*—HON. WM. G. THOMP-
SON, Judge.

SATURDAY, MAY 24, 1902.

ACTION in equity to enjoin defendant city from open-
ing a street through plaintiff's land.   From a decree in
plaintiff's favor, defendant appeals.—*Affirmed.*

*John N. Hughes* for appellant.

*Smith & Smith* for appellees.

WATERMAN, J.—Plaintiff is the owner of lot 3, Audit-
or's plat 12, in the city of Cedar Rapids,—a tract 355 feet
long north and south, and 125½ feet wide.   E avenue
bounds this lot on the south.   Just west of the lot, E ave-
nue is 66 feet wide, but plaintiff claims her southern boun-
dary is the section line, which is the center of said avenue.
It is this south 33 feet of plaintiff's lot which is in dispute.
We annex a plat of this and surrounding lots, to make
clearer the matters which must be referred to in the course
of the opinion:

The claim of the city is that by an act of the general assembly in the year 1848 commissioners were appointed to locate a road from Cedar Rapids to Marengo; that such a road was thereafter laid out, opened, and traveled; and that its bounds co-incided with those of E avenue, and included the land in dispute. About the year 1870, perhaps a little earlier, a ditch was opened through what is now E avenue, for drainage purposes; and in time the water washed out its banks, making a channel 40 feet in width, or more. In the year 1896 a sewer was substituted for this ditch, and it crosses the land in dispute. Something more will be said of the building of this sewer, hereafter. Many witnesses for defendant, and some for plaintiff, testify that E avenue was the old Marengo road; that travel went

along it to a ferry which crossed the river at this point
They say the road was of equal width; that there was no
jog or offset where it passed the land now owned by plain-
tiff.   But it must be borne in mind the witnesses are
speaking of a time 35 to 50 years ago; that the land was
all open then; and some of them locate the ferry, whose
franchise extended one mile each way up and down the
river, at the foot of Iowa avenue, which is one block south.
They all agree that in bad weather travelers went where
they pleased, and after the ditch was washed out there
was no travel, within the limits of the street claimed, at
the point in dispute.   Another fact in appellant's favor is
that the strip in dispute was not, nor is it now, inclosed
with the remainder of lot 3.   Plaintiff's south fence is
about 50 feet north of the section line.   On the other hand,
it is to be borne in mind that since the washout it could
not have been inclosed until the year 1896, when the sewer
was put in.   Notwithstanding these criticisms of defend-
ant's case, we should find in its favor if the matter rested
upon the facts stated, but it does not.   There are certain
facts of great weight yet to be mentioned.   The field notes
of the survey of the road do not locate it where E avenue
now is, nor anywhere near that highway.   The plat shows
that avenue does not extend to the river, but stops at its
junction with First street, which is the east boundary of
plaintiff's land.   The Marengo road, wherever it was, must
have been laid out to the water's edge.   Furthermore,
when the matter of putting in the sewer on E avenue was
under consideration by defendant's council, the following
proposition in writing was made by plaintiff and her then
co-owner to defendant city:  "Gentlemen:  We, the un-
dersigned, being the sole owners of lot three (3) of Aud-
itor's plat No. 12, Linn county, Iowa, beg leave to submit
to your honorable body the following proposition, and your
acceptance thereof will constitute a contract between our-

selves and the city:   If the city will construct and maintain
tain a storm-water sewer substantially as now contemplated
along what is called the 'Vinton Ditch' we will in consid-
eration of the benefits to our property from the construc-
tion and maintenance of said sewer, execute and deliver a
deed conveying to the city the perpetual easement and
right to construct and maintain such sewer over that por-
tion of lot three (3) of Auditor's plat No. 12 as required by
the plans and specifications already adopted for the con-
struction of said sewer, granting unto the said city the
right to enter upon the surface of said lot three (3) to such
an extent and at such times, and to do such work, as may
be necessary to properly construct and maintain said sewer;
it being understood by such deed the city shall acquire no
other right of any other nature whatsoever than those
specified as relating to the construction and maintenance
of said storm-water sewer.    Susan Brown, by N. E. Brown,
Her Attorney in Fact.   John S. Ely.''   In response to this
the council adopted a resolution in these words:   "Resolved
by the city council of Cedar Rapids, Iowa, that the proposi-
tion of Susan Brown and John S. Ely relative to the ease-
ment of lot three (3) on Auditor's plat No. 12, Linn county,
Iowa, is hereby accepted, and the mayor is hereby directed
to sign this resolution, and deliver a copy thereof to the
parties above named.    Geo. A. Lincoln, Mayor.''   In addi-
tion to this, in 1896 or 1897 First street was improved by a
permanent brick pavement being laid thereon, and stone
curbing put in, in front of lot 3; and the cost thereof, in
front of the disputed strip, was assessed to and paid by
the owners of that lot.    Some claim is made, also, that
general taxes have always been paid on this strip by the
owners of lot 3; but the assessment seems to have been of
the lot by its number, and there is nothing in that fact
alone which would indicate the south 33 feet was included.
While the payment of special taxes would not of itself be
sufficient evidence to show that plaintiff was the owner of

the disputed strip, nor to estop defendant from claiming it as part of the street (*Hull v. City of Cedar Rapids*, 111 Iowa, 466), yet it is a strong circumstance indicative of the fact that private ownership existed, and, taken with the other facts set out, is sufficient to negative title in the city.

We do not understand that defendant seeks to rest its claim upon adverse user; but, if it did, the use here is not shown to be of such a character as that a presumption of dedication or grant can be founded upon it. To warrant such a presumption, the use must be of a kind to convey to the owner knowledge of its extent and adverse nature. *State v. Railroad Co.*, 45 Iowa, 142; *State v. Birmingham*, 74 Iowa, 407; *Duncombe v. Powers*, 75 Iowa, 185. The evidence relating to the travel, as we have already said, does not show that any particular route was followed. Furthermore, defendant's witnesses who testify on the point say the Marengo road was 60 feet wide, and the city is attempting to open E avenue 66 feet in width.

Altogether, we think the equities are with plaintiff, and the decree of the district court will be AFFIRMED.