THE CITY OF SIOUX CITY, IOWA, v. THE CHICAGO AND NORTHWESTERN RAILWAY COMPANY, THE DUBUQUE AND SIOUX CITY RAILROAD COMPANY, WILLIAM BUCEY, HARRY BICE, AND CHRIST H. BAKER.

**Estoppel:** INCONSISTENT POSITIONS. Where a city, in a former action involving the title to real property, asserted its title and alleged that in reliance thereon it had conveyed a portion of the tract to a co-defendant, it was estopped from thereafter claiming the land of its co-defendant, even though in the former suit no issue was joined between them and the co-defendant did not join the city in its defense thereto.

**Estoppel:** ACQUIESCENCE IN OWNERSHIP. Where a city permits its grantee to make valuable improvements upon land, in reliance upon a title thereto acquired from the city, and it also acquiesces in the use made of the property, it is estopped to subsequently deny the grantee's title.

**Dedication:** ABANDONMENT TO PUBLIC USE. The fact that a railroad company permits the use of a portion of its depot grounds lying along a river front for the landing of boats, there being no intent to dedicate the same to any purpose inconsistent with its own use, will not divest the company of its title, although it was conveyed to it solely for railway purposes.

**Accretions:** TITLE. The title to accreted or reclaimed land goes with the fee to which it is annexed.

*Appeal from Woodbury District Court.*— HON. WILLIAM HUTCHINSON, Judge.

THURSDAY, FEBRUARY 15, 1906.

SUIT in equity to determine the ownership of certain land within the limits of the city of Sioux City. There was a trial and a judgment for the defendants, the Chicago & Northwestern Railway Company and the Dubuque & Sioux City Railroad Company. The plaintiff alone appeals.— *Affirmed.*

*J. N. Weaver* and *Edwin J. Stason,* for appellant.

*James C. Davis* and *T. F. Bevington,* for appellee *Chicago & N. W. Ry. Co.    W. S. Kenyon* and *Henderson & Fribourg,* for appellee *Dubuque & S. C. R. Co.*

SHERWIN, J.— The land involved in this litigation is known as the " River Front Property," lying between Pierce and Jones streets, the southern boundary line of which is the Iowa bank of the Missouri river, in Sioux City east addition.    Horace C. Bacon, as trustee for the Sioux City Land & Ferry Company, acquired title to this land from the government.    Two plats of Sioux City east addition and Sioux City proper were made, the first in 1856, before title was obtained by the land and ferry company, and the second in 1858, after it had obtained title.    On the plat of 1856 the word " Levee " appears on the river front property both east and west of Perry creek; the land in question being east of said creek.    On the plat of 1858 the word " Levee " does not appear at all, but the words " Depot Ground " appear on the S. one-half of blocks 34 and 35, and on the land south thereof towards the river.    In February, 1869, the city of Sioux City passed an ordinance vacating for the use of the Sioux City & Pacific Railroad Company for depot grounds all streets and alleys, and " all of the levee belonging to the city " within the territory, embracing the land involved in this suit.    Later in the same month, by virtue of ordinance providing therefor, it executed a deed to the Sioux City & Pacific Railroad Company, the material parts of which are as follows:

Know all men by these presents, that by virtue of two several ordinances passed by the city council of the city of Sioux City, in Woodbury county, in the State of Iowa, on the 12th day of February, 1869, the one of which is entitled ' An ordinance vacating certain streets and alleys and levee within the corporate limits of Sioux City, in Woodbury

county, Iowa,' and the other entitled ' An ordinance to grant
the right of way and depot grounds to the Sioux City & Pa-
cific Railroad Company,' both of which ordinances have been
published so as to become operative; the said, the city of
Sioux City in pursuance of the provisions of the said ordi-
nances and in consideration of the matters and things recited
and set forth therein, and of the benefits to the said city
from having the station and depot buildings of the said Sioux
City and Pacific Railroad Company located and erected
within the said city, as well as the sum of one dollar paid
into the city treasury of said city by the said railroad com-
pany at or before the making hereof, does hereby grant and
quit claim unto the said Sioux City & Pacific Railroad Com-
pany  .  .  .  all of the lands heretofore known or de-
scribed on the recorded plats or maps of said city as levee,
streets, alleys, or public grounds included within the follow-
ing boundaries, to-wit:

Beginning at the intersection of the east line of Pierce
street, with the south line of Second street, thence east along
the south line of Second to Virginia street, thence south
along the west line of Virginia street to the north line of
First street, thence west along the north line of First street
to the west line of Jones street, thence south along the west
line of Jones street to the Missouri river; thence northwest-
erly along said river to the east line of Pierce street, thence
north along the east line of Pierce street to the place of be-
ginning together with the right to erect, build and maintain
on any of the lands within the boundaries hereinbefore set
forth, depots, stations, buildings, warehouses, machine shops,
side tracks, switches, turnouts, turntables, engine houses,
wharves, landings, or any of them, as the said railroad com-
pany may see fit, and any and all such other buildings and
fixtures as may be proper for the accommodation of the busi-
ness of said company, with full power to grade, level, em-
bank, fill up, and excavate the same in such manner as said
company may see fit and proper, provided that the said rail-
road company shall at all times and at all places within the
said city so make its grades, embankments and excavations
as not to obstruct the established drainage of said city, and
shall be subject to all ordinances and regulations made by
the city council in regard to sewerage and drainage; together
also with the right to use, occupy, and enjoy the levee, or
margin, of the Missouri river, between Pierce street and

Jones street, in Sioux City East addition, the same being within the boundaries aforesaid, and to erect, construct and maintain thereon such wharves, landings and other structures for the use and convenience of said railroad company, and of persons navigating the said river, as the said railroad company may see fit, and to use, occupy and enjoy the use, benefit and profit thereof forever.   To have and to hold the lands herein above granted and quitclaimed, the right of way, wharves, landings, levees, together with all the rights, powers, privileges, immunities and profits hereinabove mentioned and intended unto the said Sioux City & Pacific Railroad Company, and to the successors and assigns thereof, forever.

In 1870 the city passed an ordinance granting to the Sioux City & Pacific Railway Company the right to convey a portion of this property to the Iowa Falls & Sioux City Railroad Company.   Parts of such ordinance are as follows:

Whereas, the city of Sioux City has by Ordinance No. 69 . . . and by other ordinances and deeds, given to said Sioux City and Pacific Railroad Company certain property rights and privileges within the following limits, viz. [here follows a specific description of the property]; and whereas, it is desirable that, for the accommodation of the public the city of Sioux City, and the Iowa Falls & Sioux City Railroad Company, that a portion of said lands, rights, and privileges be granted by said Sioux City & Pacific Railroad Company to said Iowa Falls & Sioux City Railroad Company, for the same purpose designated in the several ordinances, deeds, etc., granting said rights, privileges and property to said Sioux City & Pacific Railroad Company: Now, therefore, be it ordained by the common council of the city of Sioux City, Woodbury county, Iowa, that the Sioux City & Pacific Railroad Company be, and they are hereby, authorized and permitted without let or hindrance, and without in any manner forfeiting, disturbing or affecting their rights and property not so conveyed, to convey to said Iowa Falls & Sioux City Railroad Company any portion of the rights and property above described for the purpose of erecting, maintaining and using thereon depots, stations, buildings,

warehouses, machine shops, side tracks, switches, turnouts, turntables, engine houses, wharves, landings, or any of them, as said Sioux City & Pacific Railroad Company now have the right to do by virtue of the said several ordinances, aforesaid, and of the said several deeds aforesaid.

In June, 1871, the Sioux City & Pacific Railroad Company conveyed a portion of the property to the Iowa Falls & Sioux City Railroad Company, and in October, 1888, the latter company conveyed it to the defendant the Dubuque & Sioux City Railroad Company.

In 1876 George W. Jones brought an action against the city of Sioux City, the Sioux City & Pacific Railroad Company, and others, and alleged in his petition that he owned an interest in the land in question as a member of the partnership composing the Sioux City Land & Ferry Company. He further allged that the city had conveyed the land to the railroad company, but that the conveyance passed no title. The city answered, alleging a dedication to the public of the land between blocks 33, 34, and 35 and the river, and that, in pursuance of such dedication, it had granted it to the railroad company for railroad purposes. The railroad filed a cross-petition against Jones, as we understand the record, and there was a decree that it was the absolute owner of blocks 33, 34, and 35 and the land south thereof to the river.

In 1897 S. P. Yeomans and others commenced an action in equity against the city of Sioux City, the Sioux City & Pacific Railroad Company and others claiming title to the land described in the ordinances and deed from the city to the railroad company and other property, basing their claim of title on the alleged fact that said land had never been platted for public use and that the title thereto remained in the plaintiffs as the original owners thereof, who were members of the Sioux City & Ferry Company, or their grantees. To this petition the city and the railroad company filed separate answers and cross-bills, in both of which the plats

of 1856 and 1858 were referred to and relied upon, as were, also, the ordinances and the deed granting the land in question to the railroad company, and the city also plead the decree in the Jones Case, and both alleged that it was therein adjudged that the land in question was dedicated to public uses, and that the grant thereof by the city to the railroad company was confirmed. The city prayed that it have a decree on its cross-bill confirming and quieting its title to all of the land involved in that suit, subject to the rights that it had granted to its codefendants as set forth in its answer. There was a full trial of the Yeomans Case which resulted in a decree for the defendants, a portion of which is as follows:

It is further ordered, adjudged, and decreed that the city of Sioux City became and was the owner in fee simple of each and all the premises in controversy, and is now the owner in fee simple of said premises and all thereof, as against the plaintiffs and each of them, subject only to the right, title, and interest of the codefendants hereinafter stated, and that the said plaintiffs are barred and estopped from having or claiming any interest in any of said premises adverse to the right, title, or interest of said city of Sioux City. It is further ordered, adjudged, and decreed that the defendant the Sioux City and Pacific Railroad Company is the owner in fee simple, by deed from the city of Sioux City, of all that part of the premises in controversy lying south of the south line of Second street to the Missouri river, and between the east line of Pierce and the east line of Jones street, in Sioux City east addition, and all extensions of the north and the south streets between said points to the Missouri river; and that the defendant the Sioux City & Pacific Railroad Company is the absolute owner of said premises by its deed from said city and adverse possession thereof, and estoppel against plaintiffs under the issues made under the cross-bill of said defendant, and that plaintiffs are barred and estopped of all interest in said premises.

The decree in the Yeomans Case was entered in 1900, and in 1902 this suit was brought; the plaintiff basing its

title upon an alleged dedication of the land in controversy for a public levee, and alleging that its transfer to the railroad company was null and void, and contending further that, if valid when made, the grantee has since lost its rights by the use of the land by the public for landing and levee purposes, and still further that the land is reclaimed land and no part of the property which was granted to the Sioux City & Pacific Railroad Company. The defendants contend that the land was dedicated to Sioux City by the plats thereof, and was legally conveyed to them by the city, and that, if such be not the case, they acquired title by adverse possession. They also rely upon the adjudications in the Jones and Yeomans cases, and upon an equitable estoppel and laches. In the view which we take of the other questions, it is unnecessary to decide whether the land in dispute was dedicated to the public for use as depot grounds and other railroad purposes, or whether the defendants have acquired title by adverse possession. However the former question should be decided as an original proposition, we are clearly of opinion that the appellant should not now be allowed to question such dedication, or to question the defendants' title to the land in controversy in this suit.

We shall therefore direct our attention to the other propositions relied upon to sustain the judgment below. And we may say, in passing to their consideration, that we think the recital herein of the facts appearing

1. ESTOPPEL: inconsistent positions.

of record furnishes in itself a strong argument in support of the conclusion we reach. It is a fundamental principle of jurisprudence that whoever appeals to a court of equity for relief must do so with clean hands and with an apparently clear conscience. And this principle applies as well to a municipal corporation as to an individual or other corporation. In the suits of Jones and Yeomans against the city and the railroad companies claiming under title acquired through the city, the city defended on the ground that there had been a dedication of the land

in controversy in this suit and other land designated on the plat of 1856 as " Levee," by the plats themselves, and it plead, further, that relying on said dedication it had conveyed the land in question to the Sioux City & Pacific Railroad Company for the uses to which it had been dedicated, viz., railroad purposes. In the Jones 'Case, while there was no trial because of a failure on his part to prosecute, the Sioux City & Pacific Railroad Company had filed a cross-bill against Jones, on which it took default and a judgment which established its title and right to all of the land now involved, except the portion thereof which the appellant claims to have been since reclaimed. As between Jones and the railroad company there was, clearly an adjudication on the company's cross-bill and the judgment was in exact accord with the contention of the city and the railroad company.

In the Yeomans case there was a full trial on the merits, both as to the claims of the railroad company and the city; the city there again asserting that it had acquired title by dedication to all of the land involved in that suit and that it had conveyed a portion thereof to the railroad company. As we have heretofore shown, the decree in the Yeomans case covered the cross-bills of both the city and the railroad company, and determined the interest of each in the land there involved and that the title of both was absolute; the railroad company acquiring its title by deed from the city. Acting in good faith upon its conveyance from the city and upon the position taken by the city in the Jones and Yeomans cases, the Sioux City & Pacific Railroad Company and its grantees and successors have expended large sums of money in building depots, freight houses, tracks, etc., some of which improvements at least are located on the land in controversy.

That the plaintiff should now be estopped from asserting title to this land is apparent for two reasons. In the first place, it should not be permitted to question the de-

fendants' titles because of the advantage it gained, particularly in the Yeomans case, by pleading and proving that it acquired title to all of the land by dedication, and that it had conveyed a portion thereof to the railroad company. While no issues were joined between the city and the railroad company, each claimed a distinct portion of the land in suit and the respective rights of the two defendants in that suit were, in fact, determined upon their pleadings and proof. They were not defending in common in the sense used by the appellant in argument here, but each was asserting title to a different tract of land. We are of the opinion, therefore, that the city is estopped by the adjudication in that case. No one should be allowed to assume antagonistic positions in litigation with reference to the same property, or to the same fact, or state of facts, when such action will prejudice another party to the same suit or series of suits. *Crawford v. Nolan,* 70 Iowa, 97; 2 Black on Judgments, section 632; *Lilley v. Adams,* 108 Mass. 50; *Hanley v. Foley,* 41 Ky. 519; *Louisiana Levee Co. v. State,* 31 La. Ann. 250; *Toope v. Prigge,* 7 Daly (N. Y.) 208; *Ker v. Wauchope, Gaudy v. Gaudy,* 3 English Ruling Cases, 310, and notes; *Kaehler v. Dobberpuhl,* 60 Wis. 256 (18 N. W. 841); *Edes v. Garey,* 46 Md. 24; *Brown v. Roberts,* 24 N. H. 131; *Stinson v. Sumner,* 9 Mass. 143 (6 Am. Dec. 49); *Johnson v. Flanner,* 42 La. Ann. 522 (7 South. 455). Whether the record presents a case for the application of the strict doctrine of *res judicata,* as contended by the appellees, we do not decide. See on this subject, however, *Devin v. Ottumwa,* 53 Iowa, 461; *Corcoran v. Canal Co.,* 94 U. S. 741 (24 L. Ed. 190); *Annie Louis v. Trustees,* 109 U. S. 162 (3 Sup. Ct. 92, 27 L. Ed. 892); Wells, Res Judicata, section 5; Hukm. Chand. Res Judicata, 174.

The appellant, while insisting that there was no dedication by plat, contends for a common-law dedication, and says that its conveyance to the railroad company could not divest the title of the land and ferry company. We do

not quite understand why the city should take this position if it seeks only to protect public rights. If it acquired rights by any sort of dedication, it should not now be permitted to deny the rights of the appellees because of the manner of dedication. But the plat of 1858 does not dedicate to the public for levee purposes the land south of blocks 33, 34, and 35. Nor do we think the evidence sufficient to establish a common-law dedication thereof for such purposes. The great weight of the evidence shows that the public levee was west of Pierce street, and, if this be true, the city has never acquired rights to the land in question, by possession or otherwise, unless it was dedicated for depot grounds by the plat of 1858. If it was so dedicated, as the appellant has at all times heretofore maintained, then it has been used for the very purposes for which it was intended, and the city cannot now deny such use.

But, if it be conceded that the city is estopped on no other ground, we think it conclusively estopped by permitting the appellees to expend large sums of money in improving

2. ESTOPPEL: acquiescence in ownership.

this property, relying upon the title acquired from the city, in connection with its other acts. That the public right to the use and occupancy of streets, and other lands dedicated for public use, may be lost by estoppel, is well settled in this State, and the facts before us present a case where the rule should be applied with its fullest force. *Brown v. City of Cedar Rapids,* 117 Iowa, 302; *Corey v. City of Fort Dodge,* 118 Iowa, 742; *Uptagraff v. Smith,* 106 Iowa, 385; *Blennerhassett v. Forest City,* 117 Iowa, 680; *Weber v. Iowa City,* 119 Iowa, 633; *Markham v. City of Anamosa,* 122 Iowa, 693; *Johnson v. City of Burlington,* 95 Iowa, 197; *Smith v. City of Osage,* 80 Iowa, 84; *Simplot v. City of Dubuque,* 49 Iowa, 630.

The appellant argues that, if there was either a statutory or common-law dedication for any purpose prior to 1869, the railway companies have lost their rights under conveyance from the city by the long continued use of the

land by the public for levee and other public purposes. We

**3. DEDICATION: abandonment to public use.**

find no sufficient evidence to sustain this contention, however. There has been an occasional use of the river front for the landing of boats; but, as we have already said, the public levee was west of the land in question, and whatever use the public has made of the land south of the railway tracks and along the river front has been with the consent of the companies and without any intent on their part to dedicate any portion of it to a public use inconsistent with their own use thereof. If the city or the public did not acquire any interest in the land except for depot grounds or general railroad purposes, the land has not been diverted from such use.

In our view of the case the accreted or reclaimed land goes with the fee, and the city has no right thereto under any theory. If the title is in the railroad companies, it

**4. ACCRETIONS: title.**

certainly has none, and, if in the State or in the owners of the land and ferry company, it is equally without right thereto. *Saunders v. N. Y. C. & H. R. R. Co.,* 144 N. Y. 75 (38 N. E. 992, 26 L. R. A. 378, 43 Am. St. Rep. 729); *County of St. Clair v. Livingston,* 23 Wall. (U. S.) 46, 23 L. Ed. 59; *Adams v. Frothingham,* 3 Mass. 352 (3 Am. Dec. 151); Gould on Waters, section 133 (3d. Ed.). The railroad companies have protected their property from the ravages of the river, and whatever land has been reclaimed or accreted belongs to them rather than to the city. *Musser v. Hershey,* 42 Iowa, 356; *Cook v. City of Burlington,* 30 Iowa, 95; *Cowell v. Colorado Springs Co.,* 100 U. S. 55 (25 L. Ed. 547); *Jones v. Habersham,* 107 U. S. 174 (2 Sup. Ct. 336, 27 L. Ed. 401).

There is no equity in the plaintiff's bill and the judgment should be, and it is, *affirmed.*