I. L. WRIGHT, Appellant, v. A. R. LIETH, Administrator.

**Descent and distribution of estates:** ESTOPPEL.  Where the heirs of an estate, for the purpose of settling disputes among themselves and determining the basis of distribution of the estate, enter into an agreement providing that each shall pay or account for the notes given the decedent and held by the administrator, the indebtedness becomes fixed, and an heir accepting the benefits of the agreement as embodied in a partition decree is estopped from thereafter asserting that his note given deceased was without consideration.

**Same:** ESTOPPEL.  One who has by his conduct induced another to act to his disadvantage will not afterward be permitted to change his position.

*Appeal from Muscatine District Court.*—HON. D. V. JACK-
SON, Judge.

TUESDAY, MARCH 8, 1910.

SUIT in equity asking the cancellation of a promis-
sory note. There was a judgment for the defendant, from
which the plaintiff appeals.—*Affirmed.*

*E. M. Warner,* for appellant.

*Carskadden & Pepper* and *Jayne & Hoffman,* for ap-
pellee.

SHERWIN, J.—The plaintiff is the son of David
Wright, deceased, and the defendant is the administrator
of David Wright's estate. In 1902 the plaintiff resided in
the town of Earlham, Iowa, where he was engaged in
business, and his father lived in Wilton, Iowa. In con-
sideration of the sum of $2,000, which was paid to him
by his father, the plaintiff sold his business in Earlham
and moved to Wilton in June, 1903. In the latter part
of the same year disagreements arose between the plain-
tiff and his father, which resulted in the father's demand
that the plaintiff give him a note for the $2,000 which
had been paid to him as consideration for his removal to
Wilton. The plaintiff thereupon executed the note involved
herein, and it remained in the possession of his father
until the latter's death in March, 1907, and it thereafter
passed into the hands of the defendant, and was inven-
toried as a part of the estate, with other notes of the
heirs, all of whom had given notes to their father. De-
cedent left a will, which was contested and found to be
invalid by a jury. While a motion for a new trial was
pending, the heirs met, the plaintiff being present, and

entered into and signed a written agreement, which provided, among other things, as follows:

Now, for the purpose of settling all controversies between the parties in interest, it is agreed as follows:

First. The motion for a new trial in said cause, which has been filed, shall be overruled by the court, and the will which has been offered for probate shall be set aside and a judgment shall be entered upon the verdict which has heretofore been rendered. The costs of the trial which has been had, shall be taxed to said estate. This not to include attorney's fees.

Third. Elizabeth Hall, the contestant of said will, enters a credit of fifteen hundred ($1,500) dollars against herself and in favor of said estate for the use of the Kansas land, and the same shall be inventoried by the administrator as a part of the assets of the estate.

Fourth. The heirs at law, other than said Elizabeth, shall pay or account to the administrator for all their indebtedness to the estate, as evidenced by their notes.

Fifth. The said Elizabeth Hall shall be charged with one-half of the amount of her note to the decedent.

Sixth. Inasmuch as the several heirs are in immediate need of ready funds, it is agreed that the administrator shall distribute to the respective heirs, equally, the personal property (excepting notes and indebtedness due to the estate from the several heirs), taking from each of said heirs an agreement or undertaking, that in the event of debts being proven against the estate, by creditors other than heirs, that each of said heirs will, upon demand from the administrator, contribute his or her share of the funds necessary to pay said debts, and that in the event of the failure of any of said heirs to furnish said fund to the administrator, within three months after said demand, the administrator may apply to the court for an order and proceed to sell sufficient of the share of the heir thus delinquent, to pay said indebtedness.

Seventh. The amount which was owing by each of the heirs to the said decedent at the time of his death, including the $1,500 chargeable against the said Elizabeth Hall, shall come out of the shares of the said respective heirs when the real estate is sold and out of the first

proceeds of the sales, and shall remain a lien upon such shares until paid.

This agreement was duly signed and acknowledged on the 16th day of December, 1907. In August, 1908, one of the heirs commenced an action for the partition of the real estate, alleging the ordinary matters, and setting out a copy of the agreement of December 16, 1907, and alleging that under said agreement the advancements made to the several heirs were to be considered in determining the amount which each should receive when partition was made. A notice of suit, which referred to the petition for particulars, was served on the plaintiff, but he paid no attention thereto, and a default was taken against him. And on the 9th day of November, 1908, the district court rendered a judgment determining the advancements made to the heirs and their respective shares in the estate, and ordering distribution subject to the advancements. The note in controversy herein was decreed to have been given for an advancement to the plaintiff.

The appellant contends that the note was without consideration; that the agreement of December 16, 1907, can not be construed as covering it, and, finally, that the judgment in the partition action is not an estoppel, because of the petition and notice in that case. For the purposes of this decision, the first and last of the appellant's contentions may be conceded. But we can not assent to the proposition that the agreement does not bind the plaintiff and estop him from now asserting that the note should not be treated as representing an indebtedness to the estate or an advancement to him. The note was inventoried in April, 1907, as a part of the assets of the estate, and as a valid obligation on the part of the plaintiff. When the agreement of December 16th was entered into,

*1. DESCENT AND DISTRIBUTION OF ESTATES: estoppel.*

the inventory had been on file as a part of the court records for nearly nine months, and it must be presumed, in the absence at least of any showing to the contrary, that the plaintiff knew that the administrator and the other heirs considered the note as representing a valid obligation on his part. Indeed, the record shows that some of the heirs did so understand it and entered into the agreement, and acted thereon in the belief that such was the fact. The plaintiff was present when the agreement was made, and after it had been put in written form he read it and signed it. Yet during all of this time he made no protest against the validity of the note, nor any claim that it did not represent a valid indebtedness. The agreement was made for the express purpose of avoiding further conflict and dispute among the heirs, and for the further purpose of determining the basis of the distribution of the estate. The fourth clause provided, in substance, that the heirs should pay or account for their notes then held by the administrator. It will not do to say that the agreement, including the fourth clause, only provided for the payment of indebtedness to the estate, and left undetermined what such indebtedness was. It seems to us clear that the agreement intended to fix such indebtedness, and that it did in fact provide that all notes of the heirs should be treated as representing an indebtedness in the final distribution of the estate. Where a party by his conduct induces another to act to his own disadvantage, he will not afterwards be permitted to change his position. *Sioux City v. Ry. Co.,* 129 Iowa, 694; Bigelow on Estoppel, 578.

Moreover, the plaintiff accepted the benefits of the agreement, as embodied in the partition decree, without protest or intimation that he would not be bound thereby, and such act also estops him. Bigelow, 584; *Sioux City v. Ry. Co., supra.*

2. SAME: estoppel.

It would be inequitable to permit the plaintiff to

now repudiate the written agreement, and the judgment
will be *affirmed.*