TOWN OF MONTEVALLO, Plaintiff in Error, v.
VILLAGE SCHOOL DISTRICT OF MONTE-
VALLO.

In Banc, June 2, 1916.

1. **DEDICATION OF LAND:** For General Public: Application
to Public School Use. Property designated on the plat by
the owner as a "public square" and granted to the village
"for the full use and enjoyment" of the entire public forever,
cannot be diverted by the village to a single or e--lusive
public use. After such grant the village was without au-

Town of Montevallo v. School District.

thority to change the purposes of the original grant, and had no authority to appropriate it to the exclusive use of the public school district, which is a decidedly more limited and restricted use than the dedication warranted. [Overruling Reid v. Board of Education of Edina, 73 Mo. 295.]

2. ————: ————. ————. **Estoppel.** Where a village to which a public square had by the owner been granted for the full use and enjoyment of the entire public forever, appropriated it to a public school use, it appropriated it to that extent, at least, to one public use within the scope of its authority; and when, on the faith of such appropriation, the school district erected a costly school building and for nearly thirty years has continued to use it for public school purposes without objection, and has continued to improve it for such use, the doctrine of estoppel should be applied against the village, and the village prohibited from recovering it for general public uses so long as it continues to be used for public school purposes.

3. **ESTOPPEL: Laches: Against Municipal Corporation.** Estoppel cannot ordinarily be applied to a municipal corporation; but there may grow up, in consequence of the acts of the corporation itself, rights of more persuasive force than those of the public and wherein justice requires an equitable estoppel to be asserted; and particularly should this be the ruling in a case where it is one class of the public as against another class, and where by the affirmative action of the village corporation the school district was directed to take and use a public square for school purposes, and where justice and right demand that the equitable principle of estoppel or laches be applied to prevent injury and wrong.

Error to Vernon Circuit Court.—*Hon. B. G. Thurman,* Judge.


AFFIRMED.


*J. B. Journey* for plaintiff in error.

(1) A city or town may control and regulate the use of ground dedicated to the public, but it cannot sell the land or devote it to private use, and thereby destroy the trust created for the benefit of the public.

Cummings v. St. Louis, 90 Mo. 259; Board of Regents
v. Painter, 102 Mo. 464; G. S. 1865, chap. 44, sec. 8;
R. S. 1909, sec. 10294. Nor is the establishment of a
public school therein a compliance with the purpose
of the dedicator. Board of Regents v. Painter, 102
Mo. 464. (2) The act of the town board of the plain-
tiff on July 19, 1886, in ceding the public square or
block of ground in question to the Montevallo Village
School District, for school purposes, did not pass any
title to said land to the defendant in error. It merely
gave them a very doubtful right. In fact it did not give
them any right at all. The act was *ultra vires,* because
it was a diversion of the land from the purpose for
which it was dedicated. The town board had no right
to make such an order. Board of Regents v. Painter,
102 Mo. 464; Thomas v. Hunt, 134 Mo. 402; Refining
Co. v. Grain Co., 82 Mo. 121; Ferrenbach v. Turner,
86 Mo. 419. (3) The court in rendering his decision
found that the plaintiff in error, the town of Monte-
vallo, had abandoned the land in question. The facts
in testimony will not sustain any such finding. But if
true, there could be no such thing as abandonment—
the public cannot be held responsible for the neglect
of duty of its officers and agents. St. Louis v. Railway,
114 Mo. 13.

*Scott & Bowker* for defendant in error.

(1) No unincorporated town or village can take
and hold the legal title to land conveyed by deed, for.
the reason that there is no grantee in being in whom the
title can vest. Miller v. Rosenberger, 144 Mo. 292; Kan-
sas City v. Scarritt, 169 Mo. 471. (2) Where there is no
party grantee in being at the time of the grant made for
a public use, as in the case here, the legal title remains
in the grantor, and where the public use is abandoned
the whole title reverts to the original grantor. Kansas

City v. Scarritt, 169 Mo. 471. (3) In all cases of a grant of land for a public use, in case of an abandonment thereof, the title reverts to the original grantor. Kansas City v. Scarritt, 169 Mo. 471; Campbell v. Kansas City, 102 Mo. 326; Gaskins v. Williams, 235 Mo. 563.

REVELLE, J.—This is an action brought in the circuit court of Vernon County upon section 2535, Revised Statutes 1909, to determine the title and interest of the respective parties to and in a tract of land in the town of Montevallo in said county. The respective claims are as follows: On December 1, 1866, one Samuel Manatt laid off a town in Vernon County which was named in the plat the Town of Montevallo, which seems to be in all respects in conformity with the provisions of the statutes on that subject. [G. S. 1865, pp. 247-248.] A block three hundred feet square near the middle of the plat is undivided into lots and marked "public square." The statutory dedication written upon this plat is as follows: "We do hereby endorse and confirm the survey as made and described in the within plat, and in consideration thereof we have and do dedicate, give, and grant the public square, streets, alleys, and other grounds therein described for public use forever, hereby granting unto the public the full use and enjoyment of said square, streets, alleys, and squares in said town of Montevallo." This plat was filed in the office of the recorder on November 25, 1881.

On April 17, 1871, by an order of the county court, a town including the Manatt plat was incorporated by the name of the Inhabitants of the Town of Montevallo, which is the plaintiff in this case.

On July 19, 1886, the board of trustees of the town of Montevallo made upon its record an order, the effective portion of which is as follows: "It is ordered by the board of trustees·of the town of Montevallo, that

the block or square of ground near the center of said town of Montevallo, and dedicated in the recorded plat of said town by Samuel Manatt and wife, in the year 1868, to the citizens of the town of Montevallo, for public purposes, be and is hereby ceded to C. W. Bullock, John T. Campbell, Robison Pierce, James L. Dickson, and W. T. Taylor, directors of the Montevallo Village School District, and to their successors in office, for school purposes.''

Before that time the square had been fenced with an oak board fence and used by one Pierce as a feed yard for hogs and cattle and was sometimes cultivated in crops. Along in the seventies it was abandoned, and grew up in brush and briars. Upon the making of the foregoing order in 1886 the school board procured a deed from Manatt, took possession of the square, and built thereon a stone school house costing about $3000 which has been maintained ever since, and used for the purpose of maintaining and holding the public school of the district, without protest from anybody so far as the record shows, until this suit was instituted.

The finding and judgment in this case, so far as it relates to the question involved in this appeal, are as follows:

''The Village School District of Montevallo is the owner of the tract of land in the town of Montevallo, known as the Public Square, for school purposes as long as the same may be used by the defendant, the Village School District of Montevallo, for that purpose, and that the fee in the land in question, is in the plaintiff, the town of Montevallo, and that the same reverts to the plaintiff, the town of Montevallo, when the defendant, the Village School District of Montevallo, ceases to use the same for school purposes.

''It is therefore ordered, adjudged and decreed that the defendant, the school district of Montevallo, is the owner of the block of ground known as the Pub-

lic Square, and is entitled to the possession thereof so long as the same may be used for school purposes by the defendant, the Village School District of Montevallo, and that the fee in the land in question, is in the plaintiff, the Town of Montevallo, and that the right, title and possession thereof reverts to the plaintiff, the town of Montevallo, when the defendant, the Village District of Montevallo, shall cease to use the same for school purposes."

The terms of the judgment, as well as the pleadings, present two questions: (1) whether or not the village of Montevallo was authorized under the terms of the dedication in the Manatt plat to appropriate the property to the *exclusive* use of the school district; and, if not, (2) whether the doctrine of estoppel upon the facts stated can be invoked as against the village.

The grant to the village in this case was of a "public square," and "for the full use and enjoyment" of the entire public forever. Respondent contends that a public school use is of such a general public nature that it is "a full use and enjoyment" by the public so as to meet the requirement that it be enjoyed for *all* public purposes, and in this is supported by the decision of this court in Reid v. Board of Education of Edina, 73 Mo. 295, in which case the facts were substantially the same as those disclosed by this record. It is our opinion that the doctrine announced in that case is not sound, and that the same should be overruled. The grant for a public school use is decidedly more limited and restricted than the original dedication warranted, and the village was without authority to change the purposes of the original grant. It is going too far to say that in dedicating this property to a *single* public use, and particularly the use of another separate and distinct public corporation, as is a school district, the requirements of this original grant are complied with.

I agree that in appropriating this property to a public school use the village was appropriating it to, at least, one public use, and, to this extent, was acting within the scope of its authority and the original dedication. Can then the doctrine of estoppel or laches be applied as against this municipal corporation? We think so; and, upon this theory, the judgment should be affirmed, this being the defense pleaded.

While I recognize the general rule that estoppel cannot ordinarily be invoked against a municipal corporation, yet I think there is authority abundant to the effect that there may grow up in consequence of the acts of a municipal corporation rights of more persuasive force in the particular case than those of the public, and where justice requires it an equitable estoppel will be asserted even against such corporation, particularly in cases of this character where it is one class of the public as against another class. Judge DILLON in his work on Municipal Corporations (5 Ed.) sec. 1194, says:

"There is no danger in recognizing the principle of an estoppel *in pais* as applicable to exceptional cases, since this leaves the courts to decide the question, not by mere lapse of time, but upon all the circumstances of the case to hold the public estopped or not, as right and justice may require."

In Simpson v. Stoddard County, 173 Mo. 421, this court approvingly quotes as follows:

"It is a mistake to assume that the doctine of laches or delay, or the doctrine of estoppel, does not apply to a county or other municipal corporation. Indeed, it may be said that there is no State, or any of the political subdivisions of a State, against which the doctrine of estoppel or laches may not in certain instances be urged. . . . The doctrine of estoppel is not only a very old doctrine, but, it may be said, is one that 'has grown with the growth' of human affairs. It is a principle whose existence is not to be deprecated,

for its enforcement not only prevents the commission of a wrong upon those who are innocent, but it teaches the moral lesson to all persons that they shall not to-day dispute the truth of what they said yesterday, to the financial injury of others. 'Its foundation is laid in the obligation which every man is under to speak and act according to the truth of the case.' "

While the rights of corporations representing the public at large cannot be defeated by the force of the Statute of Limitations, yet, in my mind, there is no doubt but what we should apply the principle of estoppel or laches where justice and right demand it, and where it is necessary to prevent wrong and injury being done to others. There are many cases to be found in the books wherein this doctrine has been applied. [Knight v. K. C., St. J. & C. B. R. R. Co., 70 Mo. 231; Hovelman v. K. C. Horse R. R. Co., 79 Mo. 632; Senter v. Lumber Co., 255 Mo. 590; Wilson v. Drainage Dist., 257 Mo. 266; Hannibal & St. J. R. R. Co. v. Marion County, 36 Mo. 294; Edwards v. Kirkwood, 147 Mo. App. 599; Union Depot Co. v. St. Louis, 76 Mo. 393; Simpson v. Stoddard County, 173 Mo. 421; State v. Dent, 18 Mo. 313; O'Leary v. Metropolitan St. Ry. Co., 87 Kan. 22; Leavenworth v. Douglass, 59 Kan. 416; City Ry. Co. v. Citizens St. R. R. Co., 166 U. S. 557; Sanitary Dist. v. Railway Co., 241 Ill. 622; Chicago v. Railway Co., 244 Ill. 220; Paine Lumber Co. v. Oshkosh, 89 Wis. 449; Colorado Springs v. Colorado City, 42 Colo. 75; Sioux City v. Railroad, 129 Iowa, 694; In re Melon St., 192 Pa. St. 331; Baldwin v. Trimble, 85 Md. 396; Simplot v. C. M. & St. P. Ry. Co., 16 Fed. 350; Davies v. Huebner, 45 Iowa, 574; Pella v. Scholte, 24 Iowa, 283; Lee v. Town of Mound Station, 118 Ill. 304; Railroad v. Joliet, 79 Ill. 25; Gregory v. Knight, 50 Mich. 61; Bradley v. Appanoose Co., 76 N. W. 519; Quinn v. Baage, 114 N. W. 205; Iowa v. Carr, 191 Fed. 257; Meltzer v. City of Chicago, 152 Ill. App. 334; Town of

New Castle v. Hunt, 93 N. E. (Pa.) 173; Boise City v. Wilkinson, 102 Pac. (Idaho) 148; City of Chicago v. Steel Co., 82 N. E. (Ill.) 286.]

The record discloses that, by an *affirmative* action of the authorized officers of the town of Montevallo, the school district was authorized in 1886 to take this property and use same for school purposes. In compliance therewith, the school district erected a building costing several thousand dollars, and from that time until the institution of this action, no one questioned the title or right of the school district to use and enjoy the property. Valuable improvements were made thereon by the school district, and as between the town and the school district any judgment other than that rendered by the court *nisi* would result in the perpetration of a wrong and rank injustice. It is my opinion that this is one of the exceptional cases in which the doctrine of abandonment and estoppel should be applied as against a municipal corporation. For this reason the judgment should be affirmed, and it is so ordered. *Blair, Faris, Walker* and *Graves, JJ.*, concur; *Woodson, C. J.*, and *Bond, J.*, concur in result.